ESTHER CAPLAN, Respondent, v. HYMAN CAPLAN and Another, Individually and as Copartners Doing Business under the Firm Name and Style of " E. CAPLAN & SON," Appellants.

Third Department, March 12, 1935.

*Lawrence B. McKelvey* [*James J. McNaughton* of counsel], for the appellants.

*King & Duval* [*Carleton J. King* of counsel], for the respondent.

CRAPSER, J. On the 10th of November, 1933, Esther Caplan was riding as a guest passenger in a car driven by Hyman Caplan and owned by E. Caplan & Son, a copartnership. Said automobile was in a collision with another automobile, and as the result of the accident plaintiff sustained personal injuries for which she has brought this action against Hyman, Caplan and Simon Caplan individually and as copartners doing business under the company name of E. Caplan & Son.

The answer admits the ownership of the car, defendant's authorized operation thereof in the business of the partnership, and alleges the affirmative defense that the plaintiff, Esther Caplan, is the wife of Hyman Caplan, the man upon whose negligence the cause of action is predicated. The reply admits the affirmative defense contained in the answer.

A motion to dismiss was made on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

" The rule at common-law was that ' a wife may not maintain an action against a husband, nor a husband against a wife for personal injuries, whether negligent or willful. * * * The disability was reciprocal, affecting the man as well as the woman, and was based upon the common-law doctrine of the merger of their beings in the unity of marriage.' This rule has not been changed by legislation and still exists. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253; *Schultz* v. *Schultz*, 89 id. 644; *Allen* v. *Allen*, 246 id. 571; *Thompson* v. *Thompson*, 218 U. S. 611.) " (*Wadsworth* v. *Webster*, 237 App. Div. 319.) (See, also, *Perlman* v. *Brooklyn City R. R. Co.*, 117 Misc. 353; affd., 202 App. Div. 822; *Newton* v. *Weber*, 119 Misc. 240.) " A partnership is not like a corporation, which is a legal entity having certain rights and subject to defined liabilities. It has no independent existence. It has a name by which individuals conduct a joint business and in which their accounts as such are kept, and through which certain established equitable rights in marshaling assets are acquired." (*Matter of Peck*, 206 N. Y. 55; *Jones* v. *Blun*, 145 id. 333.)

"A tort for which a partnership is liable makes every member of the firm severally individually liable. Such liability is not dependent upon the personal wrong of the individual member of

the partnership against which the liability is asserted. The test of the liability is based upon a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, even though by an employee, the partners are liable as joint tort feasors, and the individual assets of each partner are bound in equity equally as if the individual liability had arisen from an express contract, apart from the contractual relation arising from the partnership." (*Matter of Peck, supra.*)

Section 24 of the Partnership Law provides: " Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

The partnership being liable only to the same extent as a person so acting, cannot be held in this case because under the law the wife, the plaintiff herein, could not maintain an action against her husband for whose wrongful act the partnership is sought to be held.

Section 59 of the Vehicle and Traffic Law (formerly Highway Law, § 282-e) makes the negligence of an operator other than the owner attributable to the owner, but this section is not applicable in the present case because the defendant Hyman Caplan was a co-owner of the car. (*Leppard* v. *O'Brien*, 225 App. Div. 162; 43 Harvard Law Review, 1030, 1042, 1048, 1049.)

The plaintiff cannot maintain her action against her husband, the defendant Hyman Caplan, and under the Partnership Law the partnership is only liable to the same extent as Hyman Caplan; therefore, the order appealed from should be reversed and the defendants' motion for judgment on the pleadings dismissing the complaint should be granted, with costs.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion for judgment dismissing plaintiff's complaint granted, with costs.