MOORE *v.* NOORTHOEK.

1. AUTOMOBILES—JOINT OWNERS—HUSBAND AND WIFE—NEGLIGENCE.
   Car operator's wife who held title to car with him jointly *held,* liable for his negligent operation thereof (1 Comp. Laws 1929, § 4648).

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from denial of directed verdict for defendant because of plaintiff's alleged contributory negligence, evidence must be considered in the light most favorable to plaintiff's right to recover.

3. Automobiles—Pedestrians Crossing at Street Intersections—
Anticipation of Illegal Acts.

Pedestrians have the right to cross the street at street crossings
and are not required to anticipate that motorists will violate
ordinances, statutes or rules of safety.

4. Negligence—Pedestrians Crossing at Street Intersections—
Automobiles.

A pedestrian, crossing a street at a street intersection is not re-
quired to continue to look at approaching car but if, after
having looked, it appears safe to cross, she may proceed and
her care is not to be determined solely by the fact she was
struck and was not at that second looking.

5. Automobiles—Pedestrians at Crosswalks—Contributory Neg-
ligence—Ordinances—Questions for Jury.

Question of contributory negligence of pedestrian, injured by
automobile while she was crossing on an unmarked crosswalk
at a street intersection in a business district at 8 p. m. late in
March when weather was clear, visibility good, pavement dry,
intersection lighted and there was no obstruction to either her
view or that of approaching motorist who came from plaintiff's
right in city having ordinance requiring motorists to yield
pedestrians right of way in such cases *held*, for jury where
plaintiff, in crossing street 42 feet between curbs, observed car
as she stepped off curb, again saw it 160 to 164 feet away as
she reached middle of street and made third observation be-
tween last streetcar rail and curb when car was nearly upon
her and just before it terminated her dash to curb (1 Comp.
Laws 1929, § 4697 [b], as amended by Act No. 119, Pub. Acts
1933; Grand Rapids Traffic Ordinance, art. 7, § 1).

6. Same—Crosswalks—Ordinances—Pedestrians.

Pedestrian crossing street at unmarked crosswalk has right to
assume motorist will drive car in compliance with city ordi-
nance requiring him to yield right of way to pedestrian at such
crossing (Grand Rapids Traffic Ordinance, art. 7, § 1).

7. Same—Instructions—Right of Way—Control of Car.

Instructions relative to defendant motorist's duty to yield right
of way to pedestrian on unmarked crosswalk in business sec-
tion of city, pursuant to ordinance requiring him to do so, and
relative to control of car *held*, not erroneous (1 Comp. Laws
1929, § 4697 [b], as amended by Act No. 119, Pub. Acts 1933;
Grand Rapids Traffic Ordinance, art. 7, § 1).

8. SAME—DUTY OF MOTORIST—PEDESTRIANS—CROSSWALKS.

  Motorist whose view of pedestrian crossing street at an unmarked
      crosswalk at 8 p. m. on a clear night in March at a lighted
      street intersection in the business district had duty to see what
      was plainly to be seen and to yield pedestrian right of way
      pursuant to city ordinance and to avoid running into and
      striking pedestrian (1 Comp. Laws 1929, § 4697 [b], as
      amended by Act No. 119, Pub. Acts 1933; Grand Rapids
      Traffic Ordinance, art. 7, § 1).

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted April 21, 1937.
(Docket No. 67, Calendar No. 39,421.) Decided
June 7, 1937.

Case by Dulcie Moore against Adrian M. Noor-
thoek and wife for personal injuries sustained when
struck by an automobile while crossing at a street
intersection. Verdict and judgment for plaintiff.
Defendants appeal. Affirmed.

*Annis & Cooper* and *Paul E. Cholette,* for plain-
tiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defend-
ants.

SHARPE, J. On the night of March 28, 1936, at
about the hour of 8 p. m., plaintiff, a woman of ma-
ture years, in crossing Plainfield avenue in the city
of Grand Rapids was struck by an automobile driven
by defendant Adrian M. Noorthoek, title to which
automobile was in joint names of Adrian Noorthoek
and Minnie Noorthoek, his wife.

Plainfield avenue runs northeasterly and south-
westerly about 30 degrees east of north. It is 42
feet between curbs and in the center of the street
are two sets of street car tracks. The easterly rail
of the east track is 13.6 feet west of the east curb

and the westerly rail of the west track is 13.6 feet east of the west curb, and between the two tracks is a distance of 5.4 feet. Sweet street runs east and west and intersects with Plainfield avenue.

Plaintiff claims she was walking west on the southerly crosswalk across Plainfield avenue; that when she stepped off the east curb she saw defendants' car traveling from the north on the westerly side of Plainfield avenue; that she walked to the middle of the street and again made observation to the north and saw the defendants' car 160 to 164 feet north of where she was standing but that she formed no judgment as to its speed; and that she continued on to the west and when she stepped over the west rail of the westerly track, or between the westerly rail and the curb, she was hit by defendants' car.

Defendant Adrian Noorthoek claims that plaintiff came from the westerly curb traveling in an easterly direction at a point some distance south of the crosswalk; that she ran into the right front portion of his car and was thrown to the center of the street; and that he brought his car almost immediately to a stop. Plaintiff was taken to Butterworth Hospital where the doctor found an injury to her left foot, right hip, both knees and a possible skull fracture.

The cause was tried before the court and a jury and resulted in a verdict for plaintiff. The record also shows that defendants moved for a directed verdict at the close of plaintiff's proof. This motion was denied as was also their motion for a new trial.

Defendants appeal and contend that the trial court was in error in refusing to direct a verdict of no cause of action as to Minnie Noorthoek on the ground that she had no control over the operation of the automobile which collided with plaintiff; that plaintiff was guilty of contributory negligence as a

matter of law; and error upon the part of the trial court in charging the jury as follows:

"If the defendant failed to bring his car under such control on approaching this intersection in question, that is, bring it under control where he could bring it to a stop within the assured clear distance ahead, if he failed to do that upon approaching this intersection, then that would constitute negligence on the part of this defendant. As I have already stated to you, it is the duty of one operating an automobile to operate it within the assured clear distance ahead at such speed that they can stop it within the assured clear distance ahead, so that they may avoid striking objects or persons upon the highway. * * *

"I will say to you further, as a matter of law, that this plaintiff in crossing this intersection, after she had entered the intersection and proceeded across the center of the intersection, and was approaching the west half and about to cross the west half, that it was the duty of this defendant, traveling from the north and on the westerly side of this highway, to yield the right-of-way to this pedestrian; in other words, it was his duty to see her as she was crossing in the manner in which she claims—understand he claims she was not crossing there—but if she was crossing as she claims, it was his duty to see her and to yield the right-of-way to her and avoid striking and running into her."

We find no error upon the part of the trial court in its refusal to discharge Minnie Noorthoek, wife of Adrian M. Noorthoek, and a joint owner of the automobile. Section 4648, 1 Comp. Laws 1929, provides as follows:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle. * * * The owner shall not be liable, however, unless said motor vehicle is being

driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by * * * (an) immediate member of the family.''

In *Buchel* v. *Williams,* 273 Mich. 132, we held a joint owner liable when the car was driven with her knowledge and consent and for the benefit of the joint owners. The ruling in the above case is controlling as to the facts in the case at bar.

In determining whether or not plaintiff was guilty of contributory negligence, we have in mind that on the night of the accident the weather was clear, visibility good, and the pavement dry, the street lighted at the intersection, there were no cars approaching to interfere with either plaintiff's or defendant's view and the scene of the accident being in a business section within the meaning of 1 Comp. Laws 1929, § 4697 (b), as amended by Act No. 119, Pub. Acts 1933, which provides a maximum speed of 15 miles per hour, and art. 7, § 1, of the traffic ordinances of the city of Grand Rapids, which provides as follows:

''The operator of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic signals.''

In *Arnell* v. *Gordon,* 234 Mich. 140, this court held, on reviewing the denial of defendant's motion for a directed verdict because of plaintiff's contributory negligence, that the evidence must be considered in the light most favorable to plaintiff's

right to recover. Under plaintiff's view of the case, and as the jury found, plaintiff was crossing this intersection on an unmarked crosswalk at the end of a block where traffic was not being regulated by police officers or traffic signals. As she entered Plainfield avenue from the east she looked to the north and saw a car approaching; she then walked to the middle of the street, a distance of 21 feet, again looked to the north and saw a car approaching 160 to 164 feet away, but made no observations as to its speed; she then proceeded across the street. She made a third observation when she was half way between the west car rail and the west curb and then saw defendants' car a little past the center of the intersection and made a dash to get away from the car but was hit.

In *Guina* v. *Harrod,* 275 Mich. 393, this court said:

"Pedestrians have the right to cross the street at street crossings even on a through street. They are not required to anticipate that drivers will violate ordinances, statutes or rules of safety."

In *Petersen* v. *Lundin,* 236 Mich. 590, we said:

"There is no rule of law requiring a pedestrian to rivet his eyes on an approaching automobile. He should look but if, having looked, it appears safe to cross, he may proceed, and his care is not to be determined solely by the fact he was struck and was not at that second looking at the automobile."

In the case of *Nickels* v. *Hallen,* 247 Mich. 291, the plaintiff was crossing Main street at an intersection in the night time and was struck by defendant's automobile. The court said:

"The intersection was well lighted and no traffic interfered with view of pedestrian or car driver,

and yet plaintiff claimed he looked before and while crossing, and did not see the car until it struck him, and the driver claimed he did not see plaintiff until the car was about two feet from him. When plaintiff left the curb to cross the street he saw a car coming, 100 feet, or more, away. That was, undoubtedly, the car which struck him. Whether plaintiff exercised reasonable care under the particular circumstances described by him was a question of fact for the jury and not of law for the court, and the trial judge was right in so holding.''

The case at bar is to be distinguished from *Richardson* v. *Williams,* 249 Mich. 350; *Neeb* v. *Jacobson,* 245 Mich. 678; and *Tolmie* v. *Woodward Taxicab Co.,* 178 Mich. 426. In these cases the rule is settled that a pedestrian who looks but fails to see a car which is plainly in view cannot recover. The instant case is also to be distinguished from the recognized rule of law that where a person goes into a known place of danger and fails to look and is struck by a car that he would have seen had he looked, he cannot recover. See *Dier* v. *Voorhees,* 200 Mich. 510; *Tolmie* v. *Woodward Taxicab Co., supra.*

In the case at bar the evidence shows that defendants' car was 164 feet away when plaintiff started to cross the west half of the intersection, a distance of 21 feet. She had a right to assume that defendant would drive the car in compliance with the city ordinance which gave plaintiff the right of way at such crossings and whether plaintiff exercised reasonable care under the circumstances was a question of fact for the jury.

Defendants next contend that the court was in error in giving the instructions hereinbefore mentioned and rely on *Nickels* v. *Hallen, supra.* In that

case the accident happened in the city of Ann Arbor at a street intersection. The plaintiff testified that, before attempting to cross the street, he looked, but did not see the car until it struck him and the driver claimed he did not see plaintiff until the car was two feet from him. We there said:

"Whether motor vehicles must travel slowly, in approaching a crosswalk at a street intersection, depends upon circumstances calling for such a degree of care, and not upon the bare fact that people have a right to cross there. The duty is not upon the driver of a car to have 'control of the situation' and be able, under any and all circumstances, to stop soon enough to avoid an accident. Such a rule would make a driver guilty of negligence by the mere happening of an accident at such a point, no matter how suddenly confronted with a situation by the negligence of others, and would constitute him an insurer of the safety of pedestrians at such a place."

The duty of drivers of cars at intersections is well stated in *Watrous* v. *Conor,* 266 Mich. 397, where we said:

"Drivers of automobiles must at all times have their cars under such control that they will, when approaching a street intersection, be able to avoid endangering the safety of others, who may be lawfully upon the intersection or reasonably expected to be there, 'and if the defendant failed to bring his car under control upon approaching the intersection in question, he is guilty of negligence.'"

In the case at bar the defendant admits that there was nothing to obstruct his view of the crossing and if plaintiff was crossing from east to west as she claims, then it was defendant's duty to see what was plainly to be seen and to yield to her the right of way in conformity with the city ordinance relating there-

to, moreover, under such circumstances it was the duty of defendant to avoid running into and striking plaintiff. We find no error in the charge of the trial court as applied to the facts in this case.

The judgment is affirmed. Costs to plaintiff.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.