MOORE *v.* NOORTHOEK.

JUDGMENT — GARNISHMENT — AUTOMOBILE FLEET LIABILITY INSURANCE—REFORMATION OF INSTRUMENTS.
In view of reversal of decree which had granted reformation of automobile fleet liability insurance policy, issued to a lumber company, so as to cover automobile which had inflicted injuries to pedestrian, plaintiff herein, title to which automobile had been issued to defendant individuals, and holding by Supreme Court that reformation of policy, in absence of fraud, was not proper, plaintiff was not entitled to recover in garnishment proceeding against the insurer.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 2,

1940. (Docket No. 31, Calendar No. 40,860). Decided March 15, 1940. Rehearing denied June 18, 1940.

Garnishment proceedings by Dulcie Moore against Adrian M. Noorthoek and wife, principal defendants, and Preferred Automobile Insurance Company, a Michigan corporation, garnishee defendant. From judgment for plaintiff against garnishee defendant, it appeals. Reversed.

*Annis & Cooper,* for plaintiff.

*Harry E. Rodgers* and *John D. B. Luyendyk,* for garnishee defendant.

SHARPE, J. On the night of March 28, 1936, Dulcie Moore in crossing Plainfield avenue in the city of Grand Rapids was struck by an automobile driven by Adrian M. Noorthoek, the title to which automobile was in the joint names of Adrian Noorthoek and Minnie Noorthoek, his wife. Dulcie Moore recovered a judgment in the circuit court which was affirmed on appeal to this court. *Moore* v. *Noorthoek,* 280 Mich. 431.

It appears that the Preferred Automobile Insurance Company issued a policy of insurance on the automobile in question in the name of the Riverside Lumber Company while the title to the automobile was in the name of Adrian M. Noorthoek and Minnie Noorthoek, his wife.

In a separate action Noorthoek and wife brought suit in the chancery court to reform the policy of insurance, but the present action involves garnishment proceedings against the defendant insurance company. In the circuit court Noorthoek and wife secured reformation of the insurance policy, but upon appeal the decree was reversed. *Noorthoek* v. *Preferred Automobile Insurance Co., ante,* 561. We

there held that in the absence of fraud there can be no recovery against the insurance company upon a policy issued in the name of the Riverside Lumber Company when title and certificate of ownership were held elsewhere.

In the case at bar, plaintiff's right to recover is dependent upon a reformation of the insurance policy and our denial of reformation precludes recovery by plaintiff.

The judgment is reversed, with costs to defendant.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., did not sit.