Argued January 12, affirmed March 8, 1961

BOLTON *v.* SCHIMMING ET AL

360 P. 2d 540

*Douglas E. Kaufman,* Tillamook, argued the cause for appellant. On the briefs were McMinimee & Kaufman, Tillamook.

*George P. Winslow,* Tillamook, argued the cause for respondents. On the brief were Winslow & Winslow, Tillamook.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

The plaintiff brought this action to recover damages for personal injuries received in an automobile accident. The case proceeded to trial before a jury. After the plaintiff had rested his case in chief, the defendant John Schimming moved for an involuntary nonsuit; the motion was granted and the action as to this particular defendant was dismissed. From this ruling of the trial court, the plaintiff has appealed.

This action was brought by the plaintiff against John Schimming and William Schimming, who are father and son. John Schimming, the father, was not present in the automobile, driven by his son, when the accident occurred which resulted in the plaintiff's injuries. He is sought to be held in damages in a derivative legal capacity on the theory of the "family purpose doctrine."

The question, therefore, before this court is whether the plaintiff offered sufficient evidence from which the jury could reasonably infer that the family purpose doctrine was applicable to the action.

The facts introduced by plaintiff to establish his contention that the automobile involved in the accident was a family car are as follows:

The defendant William Schimming, who was operating the automobile at the time of the accident, is the son of the defendant John Schimming. At the time of the accident, William was 26 years of age, unmarried and residing at the home of his parents. He was employed by his parents on their dairy farm and received the sum of $100 per month, plus room, board, and laundry. The vehicle registration card and certificate of title to the automobile from the date of purchase to the date of the accident read as follows:

"John Schimming-William Schimming
4904 3rd St—or the Survivor"

The father's name also appeared with the son's on the liability insurance policy covering the automobile. The father stated he loaned his son the money with which to buy the automobile involved in the accident and had his own name placed on the certificate of title "so if he [William] wanted to trade it right off or do anything else he couldn't do it." The father was the owner of another automobile and he assisted his son in the purchase of the automobile driven by the son so that the son could "drive around with his friends and enjoy himself."

■ It is not necessary in this opinion to discuss the legal fiction upon which this court has sustained the family purpose doctrine, but only to point out the facts which must be presented to support the doctrine. There must be an automobile which is owned and maintained by a member of the family for use by the members of the family for their joint or individual pleasure and convenience. It is this purpose of ownership that implies permission of the owner for others of the family to use the automobile and underlies the legal fiction that makes the owner responsible for the negligence of other members of the group while oper-

ating the motor vehicle. *Wiebe v. Seely Administrator,* 215 Or 331, 335 P2d 379; *Gossett v. Van Egmond,* 176 Or 134, 155 P2d 304; *Steele v. Hemmers,* 149 Or 381, 40 P2d 1022; *Cockerham v. Potts,* 143 Or 80, 20 P2d 423; *McDowell v. Hurner,* 142 Or 611, 13 P2d 600, 20 P2d 395, 88 ALR 578; *Foster v. Farra et al.,* 117 Or 286, 243 P 778.

The plaintiff contends, even though the father and son both testified that the father only loaned the money to the son and the son was the purchaser of the automobile and, therefore, the true owner, a jury could disbelieve the father and find in fact that the father was the owner.

If we assume the jury was entitled to disbelieve the uncontradicted testimony of the father and the son, the plaintiff is then faced with the duty of overcoming the presumption established by the certificate of title. This certificate, as pointed out, stands in the names of both defendants and without further explanation establishes, prima facie, the joint ownership of John and William. ORS 481.115; *White v. Keller et ux,* 188 Or 378, 215 P2d 986, overruled only as to the presumption of agency of one owner for the other. See *Johnson v. Los Angeles-Seattle Ex.,* 222 Or 377, 352 P2d 1091; *Parker v. McCartney,* 216 Or 283, 338 P2d 371.

■ No citation of authority is necessary for the statement that under such ownership each of the defendants had a right to the use and control of the property without express or implied permission of the other so long as he did not infringe upon the property rights of the other.

■ Mere joint ownership of an automobile does not render one joint owner liable for an injury caused

by another joint owner who is using the car for his own purposes and is unaccompanied by his co-owner. *Leppard v. O'Brien,* 225 NY App Div 162, 232 NYS 454, affirmed without opinion, 252 NY 563, 170 NE 144; *Hamilton v. Vioue,* 90 Wash 618, 156 P 853.

■ It seems quite apparent to us that the prima facie fact gathered from the registered title, without further evidence of a purpose other than to create a joint ownership regardless of who paid for the automobile, will not permit of a legal inference other than that each defendant as an owner had a right of control over the use of the automobile for his independent purposes. This fact would be the antithesis of a use for general family purposes.

The judgment of the trial court is affirmed.