**Lawrence NANTZ, Appellant,**

v.

**Julius NANTZ, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1962.

Willis W. Reeves, Maxwell P. Barret, Richard D. Cooper, Hazard, Denver Adams, Hyden, for appellant.

A. E. Cornett, Hyden, for appellee.

WILLIAMS, Judge.

The appellee, Julius Nantz, was injured when struck by a truck driven by appel-

lant's son, Lowell Nantz. Appellee filed suit against the appellant, Lawrence Nantz, individually, and the Leslie Circuit Court, sitting without a jury, entered judgment in the amount of $4,786 in favor of appellee. This appeal is prosecuted from that judgment.

The appellant and his son jointly owned a dump truck which was kept, maintained and operated by the son. The truck was used principally for hire in hauling gravel, timber and coal, but was also used for any odd jobs which might be acquired from time to time. The bill of sale was made to the son, Lowell Nantz, for the purpose, it was said, of avoiding payment of property taxes on the vehicle. The profits realized from use of the truck were small, and they were kept primarily by the son. However, on occasion, the father did share in the total profits.

On January 23, 1958, Lowell had used the truck to haul gravel and had finished that job when he was approached by Lawrence Wilson, who solicited his aid in pulling Wilson's pick-up truck out of a ditch. Lowell, in company with the appellee, drove up a side road about one mile to the location of the pick-up truck. Lowell directed appellee to fasten a chain to the rear of the dump truck and to the front of the pick-up truck, which was done. Lowell then started forward but the chain became unattached from the dump truck, which proceeded approximately 10 feet before it was stopped. Appellee picked up the chain and was standing on the side of the road preparing to again fasten it to the dump truck when Lowell suddenly and without warning backed the dump truck into appellee, breaking the femur of his right leg. Lowell was paid $3.00 by Wilson for his efforts in extricating the pick-up from the ditch.

■■■ Appellant complains that the circuit court should have dismissed the complaint for the reason that it was not proved that Lowell Nantz, the driver of the dump truck, was the agent or servant of the appellant, his father, or that Lowell was engaged upon any business for appellant at the time or upon the occasion of the accident. The circuit court found as a fact that the dump truck was jointly owned by the appellant and his son, that it was used principally for hauling gravel, but was also used for such other odd jobs as could be acquired from time to time. The fact that the truck was used for virtually any odd job which could be obtained, coupled with the fact that Wilson, the owner of the pick-up truck, paid $3.00 for the services rendered by the driver of the dump truck, substantiates the finding of the circuit court that such truck was engaged in business for both appellant and his son at the time the accident occurred. The fact that one is a co-owner of an automobile does not render him liable for an injury caused by negligence in its operation by another co-owner who is using the automobile for his own purpose unaccompanied by his co-owner. But liability may attach to each when the automobile is employed directly in the execution of purpose of the joint ownership. See 5A Am.Jur., Automobiles and Highway Traffic, section 563. The circuit court concluded that the relationship of principal and agent existed between appellant and his son, that the truck was owned jointly by them, and that on the occasion of the accident it was being driven by the son for the mutual benefit of the two owners. There is ample evidence in the record to sustain the circuit court's findings.

■■■ The other point assigned as error was the failure of the circuit court to find for the appellant on the ground that the appellee voluntarily and with full knowledge of the danger assumed the risk of his injury, which constitutes contributory negligence as a matter of law. It is well settled that one who voluntarily assumes the risk of injury from a known danger is barred from a recovery. An essential element of the assumption of risk is appreciation of the danger by the person injured. Dean v. Martz, Ky., 329 S.W.2d 371. The appellant relies mainly on the case of Porter v. Cornett, 306 Ky. 25, 206

S.W.2d 83. In that case it was held that a man voluntarily assumed a risk when he placed himself in a ditch and attempted to keep a truck from sliding into the ditch, which it did. Commenting on that case and other similar cases, we said in a recent opinion rendered January 26, 1962, Robertson v. Land, Ky., 353 S.W.2d 389:

" * * * In all of those cases an accident happened as a natural result of an appreciated danger in an obviously hazardous enterprise. The risk assumed was that of an occurrence which could be reasonably anticipated. * * *"

In the present case the appellee had picked up the loose end of the chain while standing on the side of the road and had turned to communicate with the man in the pick-up truck. Being in such position it was not obvious that the driver of the dump truck would back into him and pin him between the two trucks. The circuit court found that the dump truck was suddenly and without warning backed up, and concluded that appellee did not necessarily place himself in a dangerous situation when he volunteered to fasten the chain to the two trucks. Referring again to the case of Robertson v. Land, an accident occurred when a truck, being towed by a tractor down a hill, accelerated faster than the tractor and overran it. In that situation it was said:

"In the present case the possibility that the truck, being independently operated by the defendant, would run over the tractor was not an obvious danger or one that should necessarily have been anticipated by the plaintiff, even though the truck had once before coasted into the tractor as it was making a sharp turn. The accident was caused, not by an emergency or a danger inherent in the operation, but by the failure of defendant to maintain control of his vehicle. Such active negligence the plaintiff, as a matter of law, was not required to foresee."

A similar situation exists here, and we cannot say, as a matter of law, that the appellee assumed the risk of injury.

Judgment affirmed.

STEWART, C. J., and MONTGOMERY, J., dissenting.