MRS. RAYMOND W. RUSHING v.
NELL FLOWE POLK and JAMES K. POLK.

(Filed 12 December 1962.)

**1. Automobiles § 35—**

Allegation that defendant, in passing a preceding vehicle, was driving at excessive speed under the circumstances is sufficient predicate for

the introduction of evidence that defendant crossed the "no-passing" yellow line in the center of the highway, since the crossing of such line is an evidentiary and not an ultimate fact.

**2. Pleadings § 2—**

The complaint should state the ultimate facts constituting the cause of action but not the evidence to prove them.

**3. Automobiles § 14—**

The "no-passing" yellow line in the center of a highway relates primarily to avoidance of danger from on-coming traffic but, even in the absence of on-coming traffic, the presence or nearness of such line may be relevant if it tends to explain the speed obtained by a driver, in response to the implied hazard, while passing a vehicle traveling in the same direction.

**4. Automobiles § 37—**

Ordinarily, evidence of the conditions and circumstances leading up to and surrounding an automobile accident is competent when such evidence tends to throw light upon the conduct of the parties and the care, or lack of care, exercised by them.

**5. Same—**

Evidence of physical conditions existing at the scene of an accident is ordinarily admissible.

**6. Appeal and Error § 41—**

Ordinarily, a party waives objection to admission of evidence when other evidence of the same import is admitted without objection, or when the objecting party first introduces evidence in regard to the matter.

**7. Automobiles §§ 54e, f, g—**

Evidence that the vehicle operated by the wife was registered in the name of the husband is *prima facie* evidence that she was driving as his agent, G.S. 20-71.1, but even so, parol evidence is competent to show that the husband and wife were in fact co-owners, and when there is such evidence, it is error for the court to peremptorily instruct the jury to answer the issue of agency in the affirmative.

**8. Automobiles § 55—**

The family purpose doctrine does not apply to the operation by the wife of a vehicle owned in common by the husband and wife.

**9. Automobiles § 52—**

One co-owner who is not present in the vehicle at the time is not liable, nothing else appearing, for the negligent operation of the vehicle by the other co-owner, and the fact that the co-owners are husband and wife does not affect this principle.

**10. Husband and Wife § 3—**

The marital relationship alone creates no presumption that the husband or wife is acting as the agent of the other.

**11. Automobiles § 52;    Partnership § 1—**

>    Where husband and wife are co-owners of an automobile and the wife drives the vehicle to and from her work, the husband not being present. the fact that the wife transports passengers who share the expenses of the transportation does not constitute the wife a carrier for hire, nor does it establish a partnership or joint enterprise by the husband and wife in the absence of evidence that the money the wife received from the passengers was placed in their joint account.

APPEAL by defendants from *McLean, J.,* May 7, 1962, Special "B" Term of Mecklenburg.

Action for damages for personal injuries suffered by plaintiff by reason of the alleged negligence of defendants in the operation of a motor vehicle.

There was judgment for plaintiff. Defendants assign error.

*Bailey & Booe for plaintiff.*
*Kennedy, Covington, Lobdell & Hickman for defendants.*

MOORE, J.    The accident in question occurred about 7:45 A.M. on or about 28 September 1960 on Highway 27, which, at the point of the accident, is a two-lane blacktop road about 20 feet wide. The speed limit at the place of accident was 55 miles per hour. Plaintiff was a passenger in a Ford station wagon registered in the name of the male defendant and being driven by the *feme* defendant. The defendants are husband and wife. The husband was not in the vehicle at the time. The station wagon was proceeding westwardly in the direction of Charlotte. It came to the crest of a hill. At this point there is a clear view to the west for about a half mile to the crest of another hill. Between the two hills the highway dips into a valley, having a slight hill or ridge between the two higher hills. As she passed the crest of the hill, *feme* defendant saw no meeting traffic and pulled to the left to pass the traffic in front of her. It was raining and the road was wet. The station wagon, in passing, began to skid, the driver lost control, the vehicle skidded from one side of the road to the other and ran off the hardsurface on the right-hand side and collided with a telephone pole. Plaintiff was injured. According to plaintiff's version of the occurrence, there were three vehicles preceding the station wagon, defendant's speed was 50 miles per hour before pulling out to pass, it was as much as 65 or 70 miles per hour in passing the three vehicles, and as the station wagon was pulling back into the right-hand lane it started skidding and the driver lost control. Defendants' evidence tends to show that the speed before passing was 30 to 35 miles per hour and in passing it did not exceed 45, there was only one vehicle

ahead, the station wagon began to skid as it pulled to the left to pass, the left rear wheel slipped off the hardsurface, and the driver lost control.

(1). The first question for decision relates to the admission of evidence respecting the crossing of yellow lines. The highway has a broken white line in the center. Because of the rise or low hill in the vicinity of the accident, there are also yellow lines in the lanes of travel. Plaintiff testified, without objection, as follows: ". . . (T)here are yellow lines along the center of Highway 27 in this immediate area. The yellow lines I am referring to are depicted on the photograph marked plaintiff's exhibit #1. With reference to the crest of the hill east of the point where the wreck took place, I don't exactly know where the yellow line in the lane for westbound traffic begins. I believe it starts up there part of the way from the hill." Without objection or restriction two photographs were introduced in evidence showing the highway in the vicinity of the accident and the yellow lines in question. Thereafter, over defendants' objection, plaintiff and her witnesses were permitted to testify that there was a yellow line in the lane for westbound traffic at the place the station wagon pulled out to pass, continuing to about the point of the accident, and *feme* defendant to testify that there was no yellow line in her lane when she started to pass, she pulled out about 200 feet before she reached it, it begins about 300 feet west of the crest of the hill, and she had passed before reaching the yellow line and only crossed it in skidding. There was evidence that *feme* defendant travelled the road daily and knew the lines were there and their location. Defendants' motion to strike all the evidence relative to the yellow lines was overruled.

Defendants contend that this evidence was prejudicial and should have been excluded, for that (1) plaintiff's complaint does not allege that Mrs. Polk negligently crossed a yellow line, (2) yellow lines are not designed to protect against the type of accident which occurred in this case, and (3) it could not have been a proximate cause of plaintiff's injury and was, therefore, irrelevant and immaterial.

It is true that the complaint does not allege that *feme* defendant crossed a yellow line; it makes no reference whatever to yellow lines. It is also true that the court in the charge did not refer to the challenged evidence, and did not instruct the jury that the negligent crossing of a yellow line by *feme* defendant might be basis for recovery under the circumstances of this case. Had the court so charged, it would have been error. Yellow lines are designed primarily to prevent collision between an overtaking and passing automobile and a vehicle coming from the opposite direction, and to protect occupants of other cars, pedestrians and property on the highway. *Powell v. Clark,* 255 N.C.

707, 710, 122 S.E. 2d 706; *Walker v. Bakeries Co.*, 234 N.C. 440, 443, 67 S.E. 2d 459. The presence and the crossing of a yellow line are evidential details in the totality of circumstances in the instant case. The function of a complaint is to state the ultimate facts which constitute the cause of action, but not the evidence to prove them. *Parker v. White*, 237 N.C. 607, 75 S.E. 2d 615. Plaintiff alleged that *feme* defendant operated the station wagon at a speed in excess of the established limit and at a speed greater than was reasonable and prudent under the circumstances, and failed to maintain control. Plaintiff testified that the passing speed was 65 or 70 miles per hour on a wet road while it was raining. *Quaere:* Did *feme* defendant's knowledge of the presence of the yellow line, implying hazard, influence her in accelerating to such speed, if she did drive at such speed? We are not prepared to say that plaintiff was not entitled to contend that it did. It may be stated generally that any evidence of the conditions and circumstances leading up to and surrounding an automobile accident which will throw light upon the conduct of the parties and the care, or lack of care, exercised by them, is admissible. 5A Am. Jur., Automobiles and Highway Traffic, s. 937, p. 828; 61 C.J.S., Motor Vehicles, s. 515, p. 245. Evidence of physical conditions existing at the scene an accident is ordinarily admissible. 61 C.J.S., Motor Vehicles, s. 516 N (1), p. 260. Furthermore, if there was any error in the admission of the testimony in question, it would seem that it was waived by defendants' failure to object to all of it. An exception is waived when other evidence of the same import is admitted without objection. 1 Strong: N. C. Index, Appeal and Error, § 41, p. 122. Plaintiff had testified to the existence of the yellow lines and photographs had been introduced showing the location of the lines before the objections to such evidence were interposed. Defendants' exceptions to the evidence relating to yellow lines are not sustained.

(2). Defendants assign as error the admission of evidence that plaintiff and other passengers in the station wagon paid for the privilege of riding with *feme* defendant.

*Feme* defendant was employed as a secretary by Duke Power Company. She drove the station wagon to and from work. Others, including plaintiff, also had employment in Charlotte and rode with the *feme* defendant to and from their work regularly. They paid *feme* defendant an amount agreed upon "for gas"; they "shared expenses." The record does not disclose that there was any contention that *feme* defendant was a common carrier.

In our opinion defendants waived their exceptions to this evidence when they permitted plaintiff without objection to testify as follows: "I was a paying customer, that is, I paid her to ride back and forth

to work with her." This was the first testimony given as to payment for riding.

(3). Male defendant excepts to portions of the charge on the agency issue.

Plaintiff alleges that the station wagon was owned by and registered in the name of the male defendant, James K. Polk, and the *feme* defendant, Nell Flowe Polk, was a member of the household of male defendant, it was a family purpose vehicle, and at the time in question *feme* defendant was operating the station wagon with the permission and consent and as the agent of male defendant and within the course, scope and in furtherance of the agency. Defendants admit that the station wagon was registered in the name of James K. Polk and Nell Flowe Polk was a member of his household, but deny all other allegations relating to agency.

Other than the above admission, the only evidence bearing on the agency issue is the testimony of Nell Flowe Polk, as follows:

". . . I was driving a 1959 Ford station wagon. There was another vehicle in our family. The station wagon was registered in my husband's name. I used the station wagon from day to day. I used it for anything I wanted to, back and forth to work or for whatever I wanted to drive it.

"There was a second car in the family, a 1960 Ford, just a sedan. My husband used the second car I just referred to.

"At that time my husband was employed. . . . He was a salesman. He used the car, the sedan, in connection with his work as a salesman. . . . The car I came to work in was a Ford station wagon.

"As to the purchase of the Ford station wagon we both looked at the car and when it was bought, it was put in his name. We put the money in a bank account and I wrote the checks for it. It was joint money. After the car was bought I maintained it."

The court charged the jury with respect to the *prima facie* evidence rule established by G.S. 20-71.1. This rule is clearly apposite and there is no challenge to the charge in this respect.

But male defendant contends that the court erred in instructing the jury as set out in the following excerpts from the charge:

(a) ". . . (T)he court instructs you . . . that if you believe that evidence, the evidence of Mrs. Polk, that you will answer this second (agency) issue YES, under the family purpose doctrine. If you do not so find, you will answer it NO. . . ."

(b) ". . . Mrs. Polk testified that . . . they had paid for it (station wagon) out of the common bank account, that she did maintain it herself. . . .

"Now, upon that the plaintiff says and contends that that would constitute at least a partnership and upon that theory that he would be liable, that they were hauling these passengers to and from work and that they were receiving compensation for so doing and that that money was applied and used in the upkeep of the automobile, so plaintiff says and contends. So, the court instructs you, members of the jury, that under the statute that if you find from this evidence and by its greater weight that at the time and place in question that Mrs. Polk was operating the automobile as the agent of Mr. Polk or that she jointly owned the automobile and that they were using the funds received therefrom for the payment and upkeep and depositing it in the joint bank account out of which the automobile was paid for and maintained, the Court instructs you that you would answer this second issue YES, upon that theory of agency or ownership. If you do not so find, you would answer it NO."

It seems clear that male defendant's defense on the agency issue is based on joint ownership of the station wagon.

In an action for damages suffered as a result of an automobile accident, proof of the registration of a motor vehicle in the name of any person shall, for the purpose of such action, be *prima facie* evidence of ownership. G.S. 20-71.1. But actual ownership of an automobile, in a situation such as is presented in the instant case, is not required to be evidenced by a written instrument. *Corporation v. Motor Co.*, 190 N.C. 157, 160, 129 S.E. 414. S.L. 1961, C. 835, s. 9 (codified as a part of G.S. 20-75) was enacted after this cause of action accrued, and it relates to transfers of ownership by a dealer. There is evidence in the case at bar which will justify, but not compel, a finding by the jury that defendants were joint owners of the station wagon. If they were in fact joint owners, the court was in error in charging that this would establish the relationship of principal and agent between defendants.

The rule in general acceptance is that joint ownership of an automobile does not render one joint owner liable for an injury caused by another joint owner who is using the vehicle for his or her own purpose and is unaccompanied by the co-owner. *Bolton v. Schimming*, 360 P. 2d 540 (Ore. 1961); *Wood v. Claussen*, 207 S.W. 2d 802 (Mo. 1948); *Knight v. Cossitt*, 172 p. 533 (Kan. 1918); *Towers v. Errington*, 138 N.Y.S. 119 (1912); 5A Am. Jur., Automobiles and Highway Traffic, s. 563, pp. 577-8; 109 A.L.R., Anno. — Automobiles — Operation by Co-owner, pp. 124-9. The foregoing rule is the law in North Carolina. *Gibbs v. Russ*, 223 N.C. 349, 26 S.E. 2d 909. The rule applies where husband and wife are the co-owners. *Wood v. Claussen, supra*. To im-

pose liability on an absent co-owner, there must be evidence of agency or proof of joint enterprise. *Doleman v. Burandt,* 71 N.W. 2d 521 (Neb. 1955); *Goodman v. Wilson,* 166 S.W. 752 (Tenn. 1914). No presumption arises from the mere fact of the marital relationship that the husband or wife is acting as the agent of the other; if such agency is relied on there must be proof thereof. *Air conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828; *Pitt v. Speight,* 222 N.C. 585, 24 S.E. 2d 350. The court suggests in the challenged instruction that there was evidence of a joint enterprise or partnership to transport passengers for hire for the joint account of defendants. We do not so find. Mrs. Polk testified that she did not carry passengers for hire, that by agreement the passengers, including plaintiff, whom she transported to and from work shared expenses. There is no evidence that the money she thus received was placed in the joint acount.

Mere joint ownership of a motor vehicle does not create a partnership. *Towers v. Errington, supra.* There is no evidence that defendants were partners in the legal sense. They had no joint business undertaking, and had made no agreement to share the profits and losses of any enterprise. The *feme* defendant at the time of the accident was not engaged in any business undertaking in which her husband had a legal interest. A wife's earnings are her sole and separate property. *Beasley v. McLamb,* 247 N.C. 179, 100 S.E. 2d 387. The court erred in giving plaintiff's contention that there was evidence of a partnership.

Where husband and wife are joint owners of a motor vehicle and are members of the same household, the family purpose doctrine, nothing else appearing, does not apply as between them. The family purpose doctrine applies where, at the time of an accident, the operator of the motor vehicle is a member of the family and resides in the home of the defendant owner (the person having the right to control the use of the vehicle), and the vehicle is maintained for the use, pleasure and convenience of the family, and was being so used at the time of the accident with the consent, knowledge and approval of the owner. *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427. Where a motor vehicle is jointly owned each joint owner has the right to use and control the vehicle without the permission, knowledge and approval of the other. Each uses it in his or her own right and not by permission of the other, in the absence of the other, unless there is proof of circumstances which in law amount to an actual agency. *Leppard v. O'Brien,* 232 N.Y.S. 454 (1929), aff'd. without opinion 170 N.E. 144; *Mittelstadt v. Kelly,* 168 N.W. 501 (Mich. 1918). The family purpose doctrine is merely an extension of the principle of *respondeat superior,* that is, a method of proving the agency of a non-owner. *Grindstaff v. Watts,*

254 N.C. 568, 119 S.E. 2d 784. As already stated, proof of joint ownership alone is insufficient to establish that one co-owner is the agent of the other.

The court also erred in peremptorily instructing the jury that if they believed the evidence of Mrs. Polk they should answer the agency issue "YES, under the family purpose doctrine." The fact that the vehicle was registered in the name of the male defendant is *prima facie* evidence of his ownership. G.S. 20-71.1. But there was testimony by Mrs. Polk of joint ownership. A peremptory instruction for plaintiff is error when the evidence is conflicting upon the issue. *Lithograph Corporation v. Clark*, 214 N.C. 400, 199 S.E. 398.

There is no way for us to determine upon what theory the jury answered the agency issue in favor of plaintiff. Male defendant is entitled to a new trial on the agency (second) issue.

We have examined and considered all assignments of error and we find no errors sufficiently prejudicial to warrant a new trial on the first and third (negligence and damage) issues.

As to *feme* defendant, No error.

As to male defendant, New trial on the agency issue.