**James R. JOYNER, Appellant,**

v.

**John Henry HOLLAND and Spartan Insurance Company, a corporation, Appellees.**

**No. 3717.**

District of Columbia Court of Appeals.

Argued June 14, 1965.

Decided Aug. 2, 1965.

James R. Treese, Washington, D. C., with whom Thomas S. Jackson, Robert M. Gray, and John L. Laskey, Washington, D. C., were on the brief, for appellant.

Lyon L. Tyler, Jr., Washington, D. C., for appellees.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Here for review is a decision of the trial court holding the owner of an automobile liable for the negligent operation thereof by his co-owner.

Following are the essential facts presented below. Appellant Joyner and a man named Foreman were owners of an automobile. Foreman was operating the automobile, Joyner not being with him at the time, and was involved in a collision with Holland. Holland and his insurer sued the two owners, Joyner and Foreman. Foreman defaulted and judgment was entered against him. Joyner presented no evidence by way of defense but moved for judgment on the ground that there had been no proof of agency as between the two defendants. This contention was rejected by the trial court and judgment was entered against Joyner.

On this appeal the only question is whether plaintiffs had made out a prima facie case. Code 1961, 40–424 provides:

"Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, *and the proof of the owership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."* (Emphasis supplied.)

It has long been understood and accepted that the effect of this statute is to make proof of ownership prima facie evidence of consent and to place on the owner the burden of proving that his vehicle was not operated with his express or implied consent at the time of collision. See, e.g., Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160; Lancaster v. Canuel, D.C. App., 193 A.2d 555; Conrad v. Porter, D.C. Mun.App., 79 A.2d 777; also various cases therein cited. Such indeed had been the general law in this jurisdiction long before the statute was enacted. Almost forty years ago it was held that "proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for the plaintiff." Curry v. Stevenson, 58 App.D.C. 162, 163, 26 F.2d 534, 535.

The owner in this case presented no proof whatever. Instead, he relied on his status as "co-owner" as exempting him from liability. Such claim cannot be sustained. We cannot approve the reasoning by which co-owners would have a lesser responsibility than a single owner. There is no doubt that if a third party had been operating the automobile both owners would be presumptively liable under the statute. The fact that one of the owners was the driver does not entitle the other owner to say that he

was automatically relieved of liability. If he relied on some special circumstances to establish immunity, it would have been a simple matter to present proof thereof; and such was his statutory obligation. But as we have seen, he elected to present no evidence.

The statute which governs here has a broad social purpose and is to be construed realistically. It would be highly unrealistic to construe it flatly as meaning that "a person other than the owner" does not include one of two co-owners, and that a plaintiff would have to prove affirmatively that one co-owner had the consent of the other to operate the vehicle. Such a construction would do violence to the letter and spirit of the statute. It is much more accurate to say that in a co-ownership of an automobile there is an implied mutual consent to the use and operation thereof by either owner.

On the basis of the record before us it must be held that the statute applied to both owners. See Krum v. Malloy, 22 Cal. 2d 132, 137 P.2d 18; Moore v. Noorthoek, 280 Mich. 431, 273 N.W. 758; Kangas v. Winquist, 207 Minn. 315, 291 N.W. 292. We agree with counsel for appellees that there is no valid basis in law or logic "to divide 'the owner' into personal segments though one personal segment of 'the owner' also be the operator."

Affirmed.

MYERS, Associate Judge (dissenting):

I must disagree with my associates' decision upholding imposition of liability by the trial court upon appellant under the Automobile Financial Responsibility Act (40 D.C.Code, 1961 § 424).

The majority opinion recites the common law rule that "proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for the plaintiff." This rule was laid down in Curry v. Stevenson, 58 App.D.C. 162, 163, 26 F.2d 534, 535 (1928), a case decided before the statute in question was enacted

and involving singular ownership of the vehicle involved. While the rule is applicable in a situation where only one owner of the vehicle is involved, it does not apply where two or more persons jointly hold title thereto. According to the rule in general acceptance, the fact that one is a co-owner of an automobile does not render him liable for damage caused by its negligent operation by another co-owner in using the vehicle for his own purposes unaccompanied by the co-owner. To hold the absent co-owner liable there must be evidence of agency or proof of joint enterprise. Rushing v. Polk, 258 N.C. 256, 128 S.E.2d 675 (1962); Nantz v. Nantz, 354 S.W.2d 283 (Ky.1962); Bolton v. Schimming, 226 Or. 330, 360 P.2d 540 (1961); Doleman v. Burandt, 160 Neb. 745, 71 N.W.2d 521 (1955); Hamilton v. Vioue, 90 Wash. 618, 156 P. 853, L.R.A.1916E, 1300 (1916); Towers v. Errington, 78 Misc.Rep. 297, 138 N.Y.S. 119 (1912); Annot., 109 A.L.R. 124; 8 Am.Jur.2d Automobiles and Highway Traffic § 562; 5A Cyclopedia of Automobile Law and Practice § 3158. Since there was no evidence of principal and agent, joint enterprise, or some community of interest in the case before us, appellant's liability cannot be justified on the basis of common law principles.

My associates assert, however, that proof of agency was supplied here by 40 D.C. Code, 1961 § 424 and rely on that Code section to affirm the judgment below. Section 424 provides in pertinent part as follows:

"Whenever any motor vehicle * * shall be operated upon the public highways of the District of Columbia by any person *other than the owner*, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership

of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." [Emphasis supplied.]

The United States Court of Appeals for the District of Columbia Circuit passed upon the purpose of this statute in Mason v. Automobile Finance Co., 73 App.D.C. 284, 287, 121 F.2d 32, 35 (1941):

"[T]he purpose of the statute was to place the liability upon the person in a position *immediately* to allow or prevent the use of the vehicle and to do so by giving a lawful and effective consent or prohibition to its operation by others. The object was to control the giving of consent to irresponsible drivers by the one having that power rather than to impose liability upon one having a naked legal title with no immediate right of control."[1] [Emphasis supplied.]

The statute makes the owner's consent, express or implied, to the operation of his automobile by another in the District of Columbia the equivalent of agency. The effect of this provision is to shift the burden of proof and to impose on defendant owner the affirmative duty of proving that the car was not at the time of the accident operated with his express or implied consent. See Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 373, 72 L.Ed. 632 (1928). But, before this presumption of agency can be indulged in, it must be shown that the statute is applicable. By its own terms it limits its applicability to situations where someone "other than the owner" is driving the automobile. The threshold question in each case must be whether someone other than the owner was driving. The determination of the meaning of "owner" as used in the statute "shoud be made so as to give effect to the objects and purposes

1. Quoted with approval in Johnson v. Keyes, D.C.App., 201 A.2d 24, 26 (1964). See also National Trucking and Storage Co. v. Driscoll, D.C.Mun.App., 64 A.2d 304 (1949).

of the statute." Lancaster v. Canuel, D.C. App., 193 A.2d 555, 558 (1963).

Before passage of the statute here involved, it was settled law that the owner of an automobile was not liable for damages negligently caused by another in the use of the automobile for the other's purpose and not on the owner's business. Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412 (1937); Senator Cab Co. v. Rothberg, D.C. Mun.App., 42 A.2d 245 (1945). Hence, absent an agency between two co-owners imposed by the statute, there can be no shift of the burden of proof from plaintiff to the absent co-owner requiring him to disprove that the automobile was being operated with his consent, express or implied by the jointly-held title to the vehicle. On the contrary, the burden remains upon the plaintiff to affirmatively establish that the absent co-owner had given consent to its operation at the time of the accident because the car was being driven on some mutual purpose or venture of benefit to both co-owners and not upon an independent objective of the co-owner driver.

My associates rely on three cases to support their application of the statute in the present case: Krum v. Malloy, 22 Cal.2d 132, 137 P.2d 18 (1943); Moore v. Noorthoek, 280 Mich. 431, 273 N.W. 758 (1937); and Kangas v. Winquist, 207 Minn. 315, 291 N.W. 292 (1940). In neither Krum nor Moore did the statute in question contain a provision similar to the "other than the owner" limitation contained in our law. Although the statute in Kangas contained such a provision, the defendant, as co-owner in partnership tenancy, had the statutory right to refuse consent to any use the other co-owner wished to make of the jointly-owned vehicle. The Minnesota court held his failure to exercise this control made

the defendant liable and that the "statute is aimed at imposing liability on those who have ownership and the *power or right to prevent use of the vehicle.*" [Emphasis supplied.] 291 N.W. at 294. The court then concluded that whereas "co-ownership in joint tenancy has as an attribute the right to use the vehicle for pleasure purposes irrespective of the other party's wishes," under Minnesota statutes " * * a partner cannot make such a use unless the other partners consent." Ibid. In the case before us, there was no proof of a partnership, and, even if such proof had been made, the District of Columbia has no statute, like Minnesota, giving one partner the right to effectively prohibit another partner's use of partnership property.

Co-owners each have use of a jointly-owned vehicle as of right. Kangas v. Winquist, supra. Where one has possession of the car and the other is not present, the co-owner with possession is the only one with the *immediate* right of control. To impose liability upon the absent co-owner would be to use naked legal title as a basis for liability contrary to the admonitions contained in the Mason case. Statutes, like ours, were not designed to make each co-owner liable for the consequences of the negligent operation of the jointly-owned vehicle by another co-owner.[2]

It is my firm conviction that without proof by appellees that the car at the time of the accident was being driven by the co-owner for mutual purposes and objectives of both co-owners, no liability for the negligence of the co-owner driver can be properly imposed upon the absent co-owner. The record shows no such proof. Accordingly, I would reverse the judgment of the trial court and direct entry of judgment for appellant James R. Joyner.

2. See Caplan v. Caplan, 243 App.Div. 456, 278 N.Y.S. 475, aff'd 268 N.Y. 445, 198 N.E. 23 (1935), involving a statute substantially identical to our law including an "other than the owner" provision. See also 8 Am.Jur.2d Automobiles and Highway Traffic § 608.