## HERTZ CORPORATION v. DIXON, et al.
### No. 65-38-L.

Circuit Court, Duval County.
November 17, 1965.

J. W. Pettyjohn and John Paul Howard, both of Jacksonville, for plaintiff.

Thomas J. Shave, Jr., Fernandina Beach, for the defendant Gibbs.

FRANK H. ELMORE, Circuit Judge.

On August 26, 1965 this case was tried before the court without a jury, both parties having waived jury trial. At the court's request, after the trial the defendant Gibbs submitted a memorandum on September 9, 1965 and the plaintiff submitted a memorandum on November 15, 1965. There is no controversy as to the facts. There was a collision between an automobile owned by the plaintiff and another automobile owned by the defendants, in consequence of which the plaintiff suffered damages. The defendant, Donald A. Dixon, was at fault. The sole question for determination is that of the liability for damages of the defendant, Jimmy Gibbs.

The defendant, Donald A. Dixon, is a minor. A default was entered against him. To enable Dixon to purchase the automobile which was being driven by him at the time of the collision, Gibbs, who was *sui juris,* signed a conditional sales contract and title was registered in the names of both defendants, the legal title remaining in the seller, Riverside Chevrolet Company. Thus both defendants enjoyed the right to beneficial ownership of the motor vehicle, but Gibbs exercised no control over it, had never ridden in it at the time of the collision, said that it was the sole property of Dixon and that he signed the conditional sales contract only as a guarantor for Dixon, his brother-in-law. On the night of the collision Gibbs was

not present at the scene being asleep at home at the time and thus had no knowledge of the operation of the vehicle when the accident occurred.

An analogy may be drawn between the factual situation here and that of a seller and purchaser under a conditional sales contract. There the seller holds the bare legal title, the purchaser the beneficial title. The law in Florida is well settled that no tort liability is imposed upon the owner of the legal title in such instances simply because of that ownership. In an uninterrupted line of decisions the Supreme Court of Florida has held that the seller of an automobile who retains the naked legal title thereto as security for the payment of the purchase price and whose authority over the use of the vehicle reposes in the purchaser as the beneficial owner, is not subject to the tort liability imposed upon the owner of an automobile operated by another. One of the leading Supreme Court decisions so holding is Palmer v. R. S. Evans, Jacksonville, Inc., Fla., 81 So. 2d 635 (1955), in which the court said—

> In such a titleholder, the authority over the use of the vehicle which reposes in the beneficial owner is absent. Probably because of this fact, the term "owner" is defined in F. S. §317.74(20), F.S.A., to mean only the conditional vendee, in the case of a vehicle which is the subject of an ordinary agreement for conditional sale. *Moreover, in jurisdictions having statutes making the owner liable for the negligence of another driving his car with his consent, the term "owner" has been universally construed to eliminate those who hold nothing more than naked legal title.* See Craddock v. Bickelhaupt, 227 Iowa 202, 288 N. W. 109, 135 A.L.R. 474, and the cases cited in annotation, 135 A.L.R. 481, 485-486.

But when two persons are co-owners of a vehicle the rationale for exculpating one of them from tort liability for the wrongful use of the vehicle by the other, when not in pursuit of a joint enterprise, and without the authority, knowledge or consent of the other, appears to be even stronger. There appear to be no Florida decisions squarely in point.

> Joint ownership with another is insufficient alone to make one joint owner liable for the other's, or the other's servant's, negligent driving. Accordingly, where two persons own an automobile, one who is not operating the car and is not present at the time of an accident is not liable for the negligence of his co-owner operating the car solely for his own pleasure and for no purpose connected with the joint ownership. (Vol. 5A Blashfield's Cyclopedia of Automobile Law and Practice, page 147, §3158.)

> The mere fact that a motor vehicle is owned jointly or in common by two or more persons does not operate to render one of the co-owners, who was absent at the time, liable for injury or damage resulting from the negligent operation of the vehicle by another co-owner who is using the vehicle for his own purposes. Joint ownership of a motor vehicle alone

does not make the co-owners partners, and even if it did, a partner is liable as such for the torts of his copartner only where the latter is engaged in prosecuting the work or business of the firm. Moreover, although by statute in many jurisdictions, an owner is held liable for the injuries resulting from the negligent operation of a motor vehicle by one who is operating the vehicle with the permission of the owner, the circumstance that the vehicle is jointly owned is not sufficient to establish that the operation by one of the co-owners is with the permission of the other. (8 Am. Jur. 2d, page 116, §562.)

Mere joint ownership of an automobile does not render one joint owner liable for an injury caused by another joint owner who is using the car for his own purposes and is unaccompanied by his co-owner. (Bolton v. Schimming, Oregon 1961, 360 P. 2d 540.)

The fact that one is co-owner of automobile does not render him liable for injury caused by negligence in its operation by another co-owner who was using automobile for his own purpose unaccompanied by first co-owner, but liability may attach to each when automobile is employed directly in execution of purpose of joint ownership. (Nantz v. Nantz, Ky. 1962, 354 S. W. 2d 283.)

Joint ownership of automobile does not render one joint owner liable for injury caused in joint owner's absence by other joint owner who was using automobile for his or her own purposes, even though joint owners are husband and wife.

Where one joint owner of automobile, while operating automobile, causes injury to third person, evidence of agency or proof of joint enterprise is necessary to impose liability for such injury on absent joint owner, and mere fact of marital relationship between joint owners does not raise presumption that husband or wife is acting as agent of other. (Rushing v. Polk, N.C. 1962, 128 S. E. 2d 675.)

See also Fox v. Lavender, 109 A.L.R. 105, and the annotation following it at page 124 under the topic *"Where One Joint Owner is Using Car in Other's Absence."* No later annotation on this topic was found.

There remains to consider whether or not the defendant, Gibbs, may be held liable under the Florida dangerous instrumentality doctrine. The Supreme Court of Florida has given us the answer in May v. Palm Beach Chemical Company, Inc., Fla., 77 So. 2d 468, 1955, where the court, speaking through Mr. Justice Sebring, said—

A study of the origin and application of the doctrine of vicarious liability on the part of an automobile owner shows clearly that whatever may be the limitations of its scope of application, *liability is bottomed squarely upon the doctrine of respondeat superior arising from a principal and agent relationship implied in law.* In the pioneer case of Herr v. Butler, 101 Fla. 1125, 132 So. 815, 816, it was squarely held that the owner of an automobile is liable "under the doctrine of respondeat

superior as applied to dangerous agencies" for damages caused by its negligent operation by one to whom he entrusts it — citing Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255. That this was not a fortuitous statement is made clear by the majority of the court, which makes the following analysis of the matter:

> "The doctrine of respondeat superior is not always limited to cases where the strict relationship of master and servant exists, but may apply in cases where the relationship is that of principal and agent only. * * * the operator in lawful possession of the car with the consent of the owner in effect operates the car under the authority of the owner's license to use the highways pursuant to Florida statute law, as well as for the benefit of such owner *whose agent the operator is,* at least to the extent of properly controlling the car * * * and returning it safely back to such owner who intrusted it." (Emphasis supplied.)

> In Engleman v. Traeger, 102 Fla. 756, 764, 136 So. 527, 531, it is said "* * * the legal effect of our statutes relating to automobiles, and the requiring registration and operation in the name of the owner, is not to *change* the rule 'respondeat superior,' nor to create or recognize in Florida a different rule of liabilty thereunder from that which prevails in other states. The only effect our holdings have is to recognize that in so far as the operation of an automobile on the highways is concerned, that the owner stands always, *as a matter of law,* in the relation of 'superior' to those whom he voluntarily permits to use his license and to operate his automobile on the highways under it * * *. So it is on the principle of 'respondeat superior' that the owner of an automobile must answer for the negligence of those who operate his automobile under his license, with his knowledge or consent, express or implied. In view of our regulatory laws, an automobile owner will not be permitted to refute the relationship which is implied in law when it appears that such automobile owner has permitted [operation by another]."

See also these authorities cited by the defendant, Gibbs — 8 Am. Jur. 2d "Automobile and Highway Traffic" §608, p. 160, and 3 Fla. Jur. "Automobiles" §159, p. 650.

Joint owners being *pari causa* e.g., neither master and servant nor principal and agent, it follows that the doctrine of respondeat superior could have no application as between them. Thus one owner cannot be held vicariously liable for the consequences of the wrongful use by the other of a motor vehicle held in joint ownership in the absence of evidence of other factors such as joint enterprise.

Section 317.011(27), Florida Statutes 1963, cited by plaintiff, is not apposite here as it does nothing more than define ownership under certain conditions therein stated. It has no relevancy *per se* to tort liability.

The defendant, Donald A. Dixon, is guilty of negligence and must respond in damages. The defendant, Gibbs, is not guilty. Counsel will please submit for entry a form of final judgment for

the amount proved and costs in favor of the plaintiff and against the defendant, Dixon, dismissing the cause as to the defendant, Gibbs.