SACK, Judge.
This case presents the question of the liability of a co-owner of an automobile for damages inflicted on another automobile,, under the circumstances outlined herein.
The appellee Dixon is a minor, and a default and final judgment was entered' against him. To enable Dixon to purchase-the automobile, which was being driven by him at the time of the collision, Gibbs, who-was sui juris and was Dixon’s brother-in-law, signed a conditional sales contract, in which he was designated “Co-Buyer”. The-title to the car was registered in the names, of both defendants, the legal title remaining in the conditional seller, Riverside Chevrolet Company. Possession of the car at all times was in Dixon, Gibbs had never-ridden in it at the time of the collision, and' said it was the sole property of Dixon and. that he signed the conditional sales contract only as a guarantor for Dixon. On the night of the collision, Gibbs was not present at the scene, being asleep at home at the-time and thus had no knowledge of the operation of the vehicle at the time the accident occurred. Dixon’s negligence caused the car to collide with an automobile owned by Hertz. The lower court refused to enter-judgment against Gibbs, holding that mere-co-ownership did not impose tort liability. Upon the facts of this case, we disagree.
*177 The current law on the subject was extensively analyzed in Engleman v. Traeger, 1931, 102 Fla. 756, 136 So. 527, in which our Supreme Court said:
“The only effect our holdings have is to recognize that in so far as the operation of an automobile on the highways is concerned, that the owner stands always, as a matter of law, in the relation of ‘superior’ to those whom he voluntarily permits to use his license and to operate his automobile on the highways under it, or those whom he allows to do so with his knowledge and consent. Like all cases of this kind, there is an exception, as we have pointed out. Such exception has been recognized in the particular case where the statute expressly permitted a bailment for hire, under which the bailee was allowed to procure and operate a hired car as if he were the owner. Under this exception all liability was transferred to him which would thus have attended his actual ownership if it had existed. So it is on the principle of ‘respondeat superior’ that the owner of an automobile must answer for the negligence of those who operate his automobile under his license, with his knowledge or consent, express or implied. In view of our regulatory laws, an automobile owner will not be permitted to refute the relationship which is implied in law when it appears that such automobile owner has permitted, with his knowledge and consent, another’s operation of such automobile on the highways which only the owner, as owner, or some one acting for him, may lawfully do.” (Emphasis theirs.)
This case does not fall within the principle of Palmer v. R. S. Evans, Jacksonville, Inc., Fla.1955, 81 So.2d 635, relating to the liability of the conditional sale vendor, which was clearly recognized as an exception in Engleman v. Traeger, supra.
Here, not only was Gibbs one of the record title holders, but in fact had put in motion and made possible the operation of the automobile by Dixon, who, as a minor, could not have bought the automobile. Not only did Dixon operate the car as a co-owner, but with the knowledge, consent and direct participation by Gibbs in the acquisition of title.
The mere statement by Gibbs that he signed the conditional sales contract only as guarantor for Dixon was a clear violation of the parol evidence rule, in the light of the express terms of the conditional sales contract which designated Dixon as “Buyer” and Gibbs as “Co-Buyer”. Bolton v. Schimming, 1961, 226 Or. 330, 360 P.2d 540, does not comport with the rationale of the dangerous instrumentality doctrine in this state, stemming from Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A.1917E, 715. On the contrary, the doctrine developed in this state is more closely allied with that of the Code provisions in the District of Columbia, under which it is flatly held that a co-owner becomes vicariously liable for the operation of an automobile by the other co-owner. Joyner v. Holland, District of Columbia Court of Appeals, 212 A.2d 541.
We need not go as far as the District of Columbia Court of Appeals, nor suggest any possible exceptions to the rule. Suffice it to say, that under the facts of this case the activities of Gibbs, his execution of the conditional sales contract, and his position as a record holder of the title, made him liable for any damages resulting from Dixon’s operation of the automobile.
Accordingly, the judgment below must be reversed.
RAWLS, C. J., concurs.
JOHNSON, J., dissents.