WILLIAMS *v.* KNAPP

[No. 35, September Term, 1967.]

*Decided January 18, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Patrick L. Rogan, Jr.,* with whom were *Richardson, Rogan & Anderson* on the brief, for appellant.

*John W. T. Webb,* with whom were *Webb & Burnett* on the brief for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Squarely presented, for the first time in this Court, is the question whether the owner of an automobile, who is also a passenger therein, can recover, from the driver, damages for injuries sustained as a result of the driver's negligence. The trial judges (Duer, C. J., and Travers, J.), without giving reasons, ordered the entry of a summary judgment in favor of the driver for costs. Since the record before us consists only of the declaration, the plea, answers to interrogatories and an admission by the appellant (Mrs. Williams) that she owned the car, our recital of the facts necessarily will be a little on the thin side.

On 22 March 1965 Mrs. Williams was 68 years old. At 1:15 p.m., on that day, she left her home in Salisbury to go for a drive. Her automobile was operated by the appellee (Knapp), aged 45. She sat in the front seat beside him. They were northbound on U. S. Route 13 near North Division Street when the accident happened. Knapp crossed over into the southbound lane, ran off the road, struck a pole and, attempting to get back on the road, collided with a southbound vehicle. Mrs. Williams' suit to recover damages for her injuries was filed in the Circuit Court for Wicomico County. In his motion for summary judgment Knapp, after alleging the absence of any "genuine

dispute between the parties as to a material fact," declared that his negligence was imputed to Mrs. Williams, citing *Merritt v. Darden*, 227 Md. 589, 176 A. 2d 205 (1962), and that he was entitled to judgment as a matter of law. The trial judges apparently agreed with him.

It will immediately be observed that there is missing from the instant case the principal factor upon which has been erected the theory of the imputation of the negligence of the driver to the owner-passenger; viz., the presence of a third party. As Professor Prosser puts it:

> "The alarming increase in traffic accidents, together with the frequent financial irresponsibility of the individual driving the car, has led to a search for some basis for imposing liability upon the owner of the vehicle, even though he is free from negligence himself. Bluntly put, it is felt that, since automobiles are expensive, the owner is more likely to be able to pay any damages than the driver, who may be entirely impecunious; and that the owner is the obvious person to carry the necessary insurance to cover the risk, and so to distribute any losses among motorists as a class."

> \* \* \*

> "The quest for a financially responsible defendant has led, in the automobile cases, to a variety of measures. When the owner of the car entrusts it to an unsuitable driver, he is held liable for the negligence of the driver, upon the basis of his own negligence in not preventing it. But even where the owner has exercised all due care of his own, vicarious responsibility has been imposed. When the owner is present as a passenger in his own car, a number of courts have held that he retains such a 'right of control' over the operation of the vehicle that the driver is to be regarded as his agent or servant. In many of these cases, it is not clear that anything more is meant than that the owner has failed, when he had the opportunity, to interfere with the negligent driving, and so has been negligent himself. In others, special circumstances have

indicated that the owner in fact retained the authority to give directions as to the operation of the car. But some courts clearly have gone further, and have held that the right of control, sufficient to impose responsibility, is established by the mere presence of the owner in the car. Most jurisdictions have rejected such an arbitrary rule, and have held that the owner may surrender his right to give directions, and become a guest in his own car. It is generally agreed that the plaintiff may be aided by a presumption that the driver is an agent or servant, but the owner may prove the contrary." W. Prosser, *The Law of Torts*, pp. 494-95 (3rd ed. 1964).

Knapp argues that the Maryland cases [1] hold that "an owner of a car has a right to control it when he is a passenger, and that he is presumed to have exercised this right and to have consented to the negligent operation by the driver." But, he continues, he does "not argue here that an owner may never recover" under these circumstances. The rule to be derived, he urges, is that "the owner's presence in the car raises a presumption which the owner must rebut and that in the absence of such evidence the presumption of consent to negligence must control."

Knapp's prescission, obviously born of necessity, is, as we see it, a non sequitur. In the circumstances here present we see no reason for the application of the presumption he urges. The ordinary rules by which primary negligence and contributory negligence are determined seem, to us, to be wholly adequate. We shall not, therefore, undertake a detailed discussion of the cases in which the imputation of negligence, on whatever theory, has been invoked. For an exhaustive comment thereon see a note in 27 Md. Law Rev. 387 (1967), inspired, without doubt, by our recent decision in *Slutter v. Homer, supra.* It

---

1. *Slutter v. Homer*, 244 Md. 131, 223 A. 2d 141 (1966); *Merritt v. Darden*, 227 Md. 589, 176 A. 2d 205 (1962); *Wallace v. Fowler*, 183 Md. 97, 36 A. 2d 691 (1944); *Powers v. State*, 178 Md. 23, 11 A. 2d 909 (1940); and *Vacek v. State*, 155 Md. 400, 142 Atl. 491 (1928).

will be noted that in all of those cases, up to and including *Slutter,* a third party was present.

The dictum in *Powers v. State,* 178 Md. 23, 31, 11 A. 2d 909 (1940) seems now to have a certain persuasiveness:

> "The general rule is that where the occupants of a vehicle are engaged in a joint enterprise, the negligence of one member of the enterprise will be imputed to another when the action is brought against a third party; but the rule does not apply when one member of the enterprise brings the action against another member who owns or operates the vehicle, *for the doctrine of imputed negligence is inapplicable as between the parties."* (Emphasis supplied.)

To the same effect see Comment b under § 415, Restatement, 2d, *Agency.* See also *Chalmers v. Willis,* 247 Md. 379, 231 A. 2d 70 (1967).

In 1955 the North Carolina Supreme Court had occasion to consider a case in which the essential facts are virtually identical with the facts in the case before us. Chief Justice Barnhill, for his court, said:

> "* * * [T]he doctrine of imputed negligence has no application in an action by the master against his servant to recover for injuries suffered by the former as a result of the latter's actionable negligence. Rollison v. Hicks, supra [223 N. C. 99, 63 S. E. 2d 190]; Darman v. Zilch, 56 R. I. 413, 186 A. 21, 110 A.L.R. 826; Annotation *ibid,* at page 831.

> " '* * * it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrongdoing where the negligence proximately causes injury to a master who is without personal fault.' Rollison v. Hicks, supra."

> * * *

> "The defendant Hunt may not exculpate himself from the result of his alleged negligence on the plea that he and the plaintiff were engaged in a joint en-

terprise in the operation of the automobile and that any negligence in its operation by him is imputable in law to his fellow adventurer, the plaintiff, and defeats any recovery in this action.

" 'The doctrine of joint enterprise whereby the negligence of one member of the enterprise is imputable to others, resting as it does upon the relationship of agency of one for the other, does not apply in actions between members of the joint enterprise and does not, therefore, prevent one member of the enterprise from holding another liable for personal injuries inflicted by the latter's negligence in the prosecution of the enterprise. *In other words, the doctrine of common or joint enterprise as a defense is applicable only as regards third persons and not parties to the enterprise * * *.*' 38 A.J. 925; Rollison v. Hicks, supra; Note, 30 NCL Rev. 179, at p. 182; 65 C.J.S., Negligence, § 158, p. 799." *Dosher v. Hunt,* 90 S. E. 2d 374, 376-77 (N. C. 1955). (Emphasis supplied.)

Two years later the Supreme Court of Minnesota, in a similar situation, had this to say:

"Since this is an action against the driver of an automobile by the owner, who was a passenger therein, the fact that the owner was present would not under the evidence submitted bar his action on the ground that the driver's negligence would be imputed to him, but the question of the owner's contributory negligence would under the circumstances involved be for the jury on conflicting evidence.[1]" [Footnote 1: "Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. 2d 711, 11 A.L.R. 2d 1429; Frankle v. Twedt, 234 Minn. 42, 47 N. W. 2d 482; Urquhart v. McEvoy, 204 Misc. 426, 126 N. Y. S. 2d 539; Dosher v. Hunt, 243 N. C. 247, 90 S. E. 2d 374."] *Sackett v. Haeckel,* 81 N. W. 2d 833, 837 (Minn. 1957).

To the same effect see *Hightower v. Landrum,* 136 S. E. 2d 425 (Ga. App. 1964), *Urquhart v. McEvoy,* 126 N. Y. S. 2d 539 (1953).

Knapp points out that Mrs. Williams did not file an answer to the motion for summary judgment nor any affidavit "of absence of control or absence of consent" contradicting the "presumption of fact" on which he relied. While we must agree that it would have been better practice for Mrs. Williams to have stated her position by some sort of a response, it cannot be said, in these circumstances, that it was required. In any event, the docket entries show that on 3 March 1967 there was "Argument and trial" and that on 13 March 1967 the motion was "argued before Judge Duer and Judge Travers." We shall assume that Mrs. Williams argued then what she has argued in her brief and orally before us in which case the motion should have been refused as being contrary to law. We note with regret that counsel has not complied with our oft-repeated injunction that the trial court by motion should be required to state the reasons for its decision, whenever an appeal therefrom has been taken. Rule 18 c; *Southwestern Mines v. P. & J. Coal,* 244 Md. 180, 223 A. 2d 162 (1966) and cases therein cited; *Queen City Enterprises v. Independent Theatres,* 230 Md. 387, 187 A. 2d 459 (1963).

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to be paid by the appellee.*