HENDRY, Judge.
This appeal arises out of an action for personal injuries sustained by plaintiffs, husband and wife, as a result of a collision of their jointly owned automobile with an automobile owned by the corporate defendant and being driven by defendant Ham-mack. Plaintiff husband was driving the automobile and plaintiff wife was a passenger at the time of the collision. Both plaintiffs were injured and claim damages.
Defendants denied the allegations of the complaint and also alleged that the plaintiff driver was guilty of contributory negligence. Upon trial the jury returned a verdict in favor of the plaintiff wife in the sum of $8,000.00 and a verdict for the defendants of not guilty as to plaintiff husband’s claim. The defendants filed a motion for judgment notwithstanding the verdict, based upon the ground that the husband had been denied relief by the jury on the basis of his contributory negligence, and therefore, that his contributory negligence must be imputed to the passenger, his wife, so as to bar her recovery also. The trial judge denied the motion and it is from this ruling that this appeal is taken.
The sole question here presented for determination is whether the contributory negligence of a husband, who is operating upon a public highway an automobile of which he and his wife are joint owners, may be imputed to his wife when she was riding in the auto as a passenger at the time of its collision with the automobile of a third party.
The trial judge charged the jury with reference to this point as follows:
“With respect to her [the wife’s] claim, if the greater weight of the evidence should not support that claim against the defendants, your verdict, of course, should be for the defendants. However, if the greater weight of the evidence supports her claim of negligence on the part of the defendant driver then your verdict should be for her and against the defend *837 ants; and even if you should find negligence, also on the part of her husband as driver, this is not imputed to her.”
We think that the court’s charge was a correct statement of the law to he applied to the facts in the instant case.
Appellants contend that the trial court erred in refusing to follow the holding of our Sitpreme Court in Weber v. Porco, Fla. 1958, 100 So.2d 146. We cannot agree with appellant’s contention. In Weber the wife was the sole owner of the automobile in which she was a passenger while being driven by her husband. There it was held that when a wife owns an automobile and entrusts it to her husband to operate, and he operates it in such fashion as to produce injury to someone else as well as to his wife, then the wife is responsible in law for the contributory negligence of the husband. In support of its holding the Supreme Court relied upon the so-called dangerous instrumentality doctrine as applied to automobiles. The line of cases tracing the evolution of that doctrine were set forth, beginning with Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975. Since Anderson, the court has consistently applied the rule of respondeat superior in recognizing the liability of an owner of an automobile for the negligent operation of his automobile by one who drives with his expressed or implied permission, knowledge or consent. In Weber, the court found as a matter of law that the relationship of principal and agent existed in the factual situation there, as it was shown that the owner’s husband was permitted to operate her automobile under her license; therefore, as a matter of law, the court held that the husband became her agent for the purpose of driving and she correspondingly became the principal.
We are of the opinion that a different rule must be applied in this case where the driver and the passenger are co-owners and were not engaged in a joint enterprise within the meaning of the doctrine permitting imputation of negligence. We think that co-ownership of the automobile creates a relationship that is contrary to that principal-agent, employer-employee theory followed in Weber, supra. The parties here, in our opinion are equal in status; therefore the respondeat superior doctrine does not apply and the co-owner driver’s contributory negligence cannot be imputed to the co-owner passenger in her action against a third party tortfeasor.
Affirmed.