274 So.2d 254 (1973)
Lou Joseph LaMONTE, Appellant,
v.
Edna DE DIEGO, Appellee.
No. 72-2.
District Court of Appeal of Florida, Second District.
February 16, 1973.
Rehearing Denied March 30, 1973.
*255 A. Dallas Albritton, Jr., of Albritton, Sessums & Grandoff, Tampa, for appellant.
Robert W. Morrison, of Miller & McKendree, Tampa, for appellee.
MANN, Chief Judge.
The question is whether the negligence of a wife driving an automobile owned jointly with her injured husband, a passenger, is imputed to him. The trial judge held that the wife's negligence barred the recovery of her spouse from the admittedly negligent driver of the other vehicle.[1] Our sister court in the Third District took the opposite view in Hammack v. Veillette.[2] We agree with the Third District and reverse.
Analysis of the problem is facilitated by determining what it is not. There is no proof of joint control and, in fact, Mr. LaMonte is legally blind and does not hold a driver's license.[3] There is no proof of an agency relationship.[4] The husband's claim is not derivative.[5] Nor is there a claim for damages recoverable by a husband and wife indivisibly.[6]
The most concise summary of the applicable law is found in Restatement of Torts, Second, Section 485 et seq. The general principle is that "a plaintiff is not *256 barred from recovery by the negligent act or omission of a third person." (§ 485) Section 487 states that "The negligence of husband or wife does not bar the other spouse from recovery for his or her own physical harm."
The appellee contends that Florida's adherence to the dangerous instrumentality doctrine would require imputation of Mrs. LaMonte's negligence to her husband. Southern Cotton Oil Co. v. Anderson[7] has been variously interpreted through the years. If it were dispositive of the question now before us we would think the Supreme Court would not have dismissed certiorari for want of jurisdiction in Hammack.[8] This would suggest to us that it is important to distinguish cases in which the liability of an owner or co-owner is in issue from those in which that owner seeks recovery from a negligent party.[9]
There is an ample literature which we need not repeat here. Where, as in the case before us, the question has been presented in its pure form, the consistent answer has been that the spouse's negligence is not imputed merely by virtue of that relationship although they own the car jointly.[10] Cases reaching the opposite result will be found, upon analysis, to rest upon some factor excluded by the stipulation in this case. For example, in Kesler v. Pabst,[11] the husband's negligence was imputed to the wife because of their sharing the proceeds of judgment by virtue of California's community property laws. In Flores v. Brown,[12] the husband's negligence was not imputed to the wife. He was killed in the accident, and thus could not be enriched unjustly through the allowance of recovery. Thus was the question before us isolated from the factor determinative in Kesler v. Pabst. Other courts have indulged a presumption of joint control,[13] or found joint control as the inescapable conclusion from the evidence,[14] or have grounded the decision on respondeat superior.[15]
Reversed and remanded for entry of judgment for plaintiff pursuant to stipulation.
HOBSON and McNULTY, JJ., concur.
NOTES
[1] The parties stipulated:

"1. That the plaintiff was a passenger in an automobile driven by his wife and owned jointly by both of them, and was involved in an accident when the said automobile entered an uncontrolled intersection, and was struck on the right side by defendant's automobile. That prior to the accident plaintiff suffered from severely diminished eyesight amounting to legal blindness, and therefore did not hold and never had held a driver's license.
"2. That as a result of said collision, plaintiff was injured and that the sum of $3,250.00 is just compensation for said damages.
"3. That as a matter of law, both the defendant and the plaintiff's wife were negligent.
"4. That the question for the Court to determine is whether the negligence of the driver-wife is to be imputed to the passenger husband. If the Court decides the question in the affirmative, then the Court shall enter judgment against the plaintiff and for the defendant, and both parties shall recover nothing, and each shall bear his own costs. If the Court decides the question in the negative, then the Court shall enter judgment for the plaintiff in the amount of $3,250.00 plus costs not to exceed $50.00."
[2] Fla.App. 1970, 233 So.2d 836.
[3] Restatement (Second), Torts § 491. See Bessett v. Hackett, Fla. 1953, 66 So.2d 694, and cases therein cited.
[4] Weber v. Porco, Fla. 1958, 100 So.2d 146; Hertz Corp. v. Dixon, Fla.App.1st 1966, 193 So.2d 176; Restatement (Second), Torts § 486.
[5] Restatement (Second), Torts § 494.
[6] Klepper v. Breslin, Fla. 1955, 83 So.2d 587, imputed a wife's negligence to a non-negligent husband where their wrongful death claim was indivisible under a peculiar statute. Most statutes are otherwise interpreted to allow recovery by a non-negligent spouse. See Restatement (Second), Torts § 493. Our Supreme Court, in Ward v. Baskin, Fla., 1957, 94 So.2d 859, 66 ALR2d 1320, made it clear that "the mere relationship of husband and wife does not in and of itself constitute a sufficient basis upon which to impute to the wife or husband the negligence of the other." 94 So.2d at 860, 66 ALR2d at 1322. Klepper was followed in Martinez v. Rodriquez, Fla. 1968, 215 So.2d 305, in which a wrongful death action was involved. Nothing in the case before us suggests a claim to which husband and wife are indivisibly entitled.
[7] 1920, 80 Fla. 441, 86 So. 629.
[8] The published disposition of Hammack v. Veillette, Fla., 244 So.2d 430, does not state the ground for dismissal, but the order entered January 28, 1971, states that "we have determined that the Court is without jurisdiction."
[9] See 2 Harper & James Torts (1956), §§ 23.1, 23.6, 26.10; see also Orefice v. Albert, Fla. 1970, 237 So.2d 142.
[10] Porter v. Wilson, Wyo. 1960, 357 P.2d 309; Sherman v. Korff, 1958, 353 Mich. 387, 91 N.W.2d 485; see Annots., 110 ALR 1099, 59 ALR 153.
[11] 1954, 43 Cal.2d 254, 273 P.2d 257.
[12] 1952, 39 Cal.2d 622, 248 P.2d 922.
[13] Fox v. Lavender, 1936, 89 Utah 115, 56 P.2d 1049.
[14] Archer v. Chicago, M., St. P. & P. Ry. Co., 1934, 215 Wis. 509, 255 N.W. 67.
[15] Ross v. Burgan, 1955, 163 Ohio St. 211, 126 N.E.2d 592.