550 A.2d 373

**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Ellen L. STROH, et al.**

**No. 8, Sept. Term, 1987.**

Court of Appeals of Maryland.

Nov. 29, 1988.

Robert C. Morgan (Donahue, Ehrmantraut & Montedonico, Chartered, on the brief), Baltimore, for appellant.

Edward J. Gilliss (Thomas F. McDonough and Royston, Mueller, McLean & Reid, on the brief), Towson, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

* COUCH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

COLE, Judge.

This case presents the issue of whether, in an automobile collision case, the contributory negligence of a co-owner driver should be presumptively imputed to a co-owner passenger, so as to bar the passenger's recovery for injuries caused by the negligence of a third-party driver. We set forth the facts as follows.

During a family outing to the movies, an automobile driven by co-owner Richard Stroh and carrying his co-owner wife, Ellen Stroh, and their daughter collided into the rear of a vehicle operated by Maynard Silberberg, an uninsured motorist. Richard Stroh, Ellen Stroh, and Silberberg all suffered injuries, and subsequently filed suits in the Circuit Court for Carroll County. A jury determined that both drivers, Richard Stroh and Silberberg, were negligent, thus barring their claims. However, the jury awarded Ellen Stroh damages of $50,126.00 against Silberberg. By virtue of the uninsured motorist provision of the Strohs' insurance contract with Nationwide Mutual Insurance Company (Nationwide), the trial court entered judgment against the insurer and, upon proper motion, reduced the award to the $20,000 policy limit.

Contending that any negligence of Richard Stroh should have been imputed to his wife so as to bar her recovery, Nationwide had requested, but not received, a jury instruction embodying the doctrine of imputed negligence, which read as follows:

> You are instructed that under Maryland law an owner, because of her presumed control over her car when present though not physically handling the wheel, may be held liable in the event of a collision, to the same extent as if she were manually controlling or operating the vehicle.

> Therefore, if you find that Richard Stroh, the driver, was contributorily negligent, then you must find that as a present co-owner, Ellen Stroh was contributorily negligent.

A finding of contributory negligence prevents recovery of any damages.

Instead, the trial court gave the following instruction:

The jury is instructed that if you find from the evidence that the Defendant, Maynard Silberberg, in any degree whatsoever, was guilty of any negligence that caused or contributed to the happening of the accident, then your verdict must be for the Plaintiff, Ellen Stroh, without any regard to the negligence of Richard Stroh.

In essence, the trial court declined to instruct the jury that Ellen Stroh's status as a co-owner passenger mandated imputing to her the negligence of the driver, her co-owner husband. Based on what it perceived as an erroneous instruction, Nationwide moved to set aside the $20,000.00 judgment through a motion for judgment notwithstanding the verdict. That motion was denied, and Nationwide noted an appeal to the Court of Special Appeals. This Court, however, issued a writ of certiorari prior to consideration of the case by the intermediate appellate court.

We do not address at this time whether a *sole*-owner passenger has a right to control the movements of his car driven by a permissive non-owner, because the facts of the case before us do not present that issue. Nevertheless, cases involving the sole-owner situation do have bearing on the question facing us. Specifically, Nationwide asks us to extend application of the imputed negligence doctrine, heretofore applied in Maryland only in a non-owner driver and owner-passenger scenario, to the case of a co-owner driver and co-owner passenger.

The doctrine of imputed negligence, although employed in a long line of Maryland cases,[1] and still representing the

---

1. *Williams v. Wheeler,* 252 Md. 75, 249 A.2d 104 (1969); *Smith v. Branscome,* 251 Md. 582, 248 A.2d 455 (1968); *Williams v. Knapp,* 248 Md. 506, 237 A.2d 450 (1968); *Slutter v. Homer,* 244 Md. 131, 223 A.2d 141 (1966); *Merritt v. Darden,* 227 Md. 589, 176 A.2d 205 (1962); *Wallace v. Fowler,* 183 Md. 97, 36 A.2d 691 (1944); *Powers v. State,* 178 Md. 23, 11 A.2d 909 (1940); and *Vacek v. State,* 155 Md. 400, 142 A. 491 (1928).

majority rule, has been subjected to increasing criticism by courts and commentators alike and has been abolished in a number of jurisdictions.[2] For example, in *Slutter v. Homer*, 244 Md. 131, 139, 223 A.2d 141 (1966), we recognized that:

> [T]he imputed negligence theory has been criticized as unrealistic and fictitious. *See* Prosser, *Torts* (1955) Sec. 54 and Note, 17 Ark.L.Rev. 91, 92 (1962–1963); 11 Drake L.Rev. 57, 60 (1961). The criticism rests on the practical consideration that, while back-seat driving is generally an annoyance, and sometimes a danger, it is almost never a physical fact. Restatement, Second, *Torts*, Sec. 485 rejects the doctrine of "imputed contributory negligence" as based on theories of a fictitious agency relation, which are now generally recognized as pure fiction, and no longer valid.

Nevertheless, the doctrine has continued to find application in Maryland courts. In *Smith v. Branscome*, 251 Md. 582, 248 A.2d 455 (1968), this Court summarized the doctrine as follows:

> "[U]nder Maryland tort law, an owner because of his presumed control over his car when present though not physically handling the wheel, may be held liable in the event of a collision, to the same extent as if he were manually controlling or operating the vehicle. In such a case the negligence of the driver is said to be imputed to the owner. (Citation omitted). However, an agency relationship is not necessary to be shown, for the failure of

---

**2.** See cases collected at Annotation, *Fact That Passenger in Negligently Operated Motor Vehicle Is Owner as Affecting Passenger's Liability to or Rights Against Third Person—Modern Cases,* 37 A.L.R. 4th 565, 570 (1985, 1988 Supp.) ("An increasing number of jurisdictions have abandoned the view that a driver's negligence may be imputed to the owner based on mere presence in the vehicle...."); *see also* James, *Vicarious Liability,* 28 Tul.L.Rev. 161, 214 (1954) (noting a "growing judicial reluctance" to find the requisite right to control from the mere fact that a co-owning driver and passenger are husband and wife.)

the owner, who is present, to exercise his presumed control makes him liable."

251 Md. at 595, 248 A.2d 455 (quoting *Gray v. Citizens Casualty Co.*, 286 F.2d 625, 627 (4th Cir.1960)). However, the presumption of "right to control" resulting in imputed negligence is not a conclusive one; rather, as we stated in *Williams v. Wheeler*, 252 Md. 75, 85, 249 A.2d 104 (1969), "the weight of the presumption is minimal, and while normally, it will be a jury question whether the owner has rebutted the presumption, in a proper case, the presumption may be rebutted as a matter of law."

In the leading Maryland case on imputed negligence, *Powers v. State*, 178 Md. 23, 28, 11 A.2d 909 (1940), our predecessors had this to say:

It is well established that the owner of an automobile, who is riding in it while driven by another, is not relieved of responsibility because he is not personally at the wheel, when he tacitly assents to the manner in which it is driven. * * * If the car is negligently operated, it is presumed that the owner consented to the negligence. Therefore, in the absence of proof that he abandoned the right of control, he is liable for any damage resulting from the negligence of the driver.

Thus, where an automobile owner-passenger grants permission to another to drive his car, and the permissive operator drives negligently, the owner has presumptively consented to the negligence, which becomes imputed to him. The imputation is made based upon the theory that the owner-passenger retains his right to control the movements of the vehicle. Conversely, rebuttal of the presumption of right to control precludes imputation of negligence.

In the case at bar, Nationwide seeks to prevent Ellen Stroh's recovery against a negligent third party through imputation to her of her husband's negligence. Nationwide argues that, as a co-owner, present in the car at the time of the collision, Ellen Stroh had a right to control the vehicle driven by her co-owner husband. We disagree and explain.

█ Ellen Stroh, as the co-owner passenger, can with no degree of logic be said to have had an absolute or superior right to control operation of the automobile, vis-a-vis Richard Stroh, the co-owner driver. Even if the co-owner passenger attempted to exercise the theoretical right to control, the co-owner driver, because of his equal right to control, would have fair standing to rebuff, and thereby negate, the passenger's assertion of control. Consequently, regardless of the merits generally of the doctrine of imputed negligence, it appears clear to us that imputing Richard Stroh's negligence to his co-owner wife cannot be justified.

Although this case presents an issue of first impression in Maryland, our decision finds support in the case law of other jurisdictions.

For example, in *Parker v. McCartney*, 216 Or. 283, 338 P.2d 371, 372 (1959), the Supreme Court of Oregon considered the issue of whether the relationship between a co-owner driver (the wife) and a co-owner passenger (her husband) established an agency relationship justifying imputation of negligence to the passenger. The Court observed that co-ownership does not:

in and of itself, permit the type of control which creates the unequivocal right to designate destination, route, course, or manner of operation, speed and other factors indicating control in the more remote sense. We can conceive of situations in which other factors would establish one co-owner as the managing owner. * * * But in the absence of any evidence establishing such a right of control, either by status or agreement, we cannot say that a nondriving co-owner has the unquestioned right to assert authority over the driving co-owner.

* * * * * *

Defendant overlooks the simple fact that co-ownership itself refutes agency. In the absence of some additional status, such as that of partners, we find nothing in the

law that imposes agency, ipso facto, upon common owners of property.

\* \* \* \* \* \*

Co-ownership is actually the antithesis of an employer-employee or principal and agent relationship. The parties are equal in status and ownership.

*Accord Hammack v. Veillette,* 233 So.2d 836 (Fla.1970) (co-owners' equal status stands contrary to that of principal-agent and thus the co-owner driver's contributory negligence cannot be imputed to the co-owner passenger to bar the latter's recovery against a third-party tortfeasor).

The Supreme Court of Missouri, in *Stover v. Patrick,* 459 S.W.2d 393, 401 (Mo.1970), held that:

... co-ownership of an automobile does not give a realistic right of control over its movement to a passenger-owner and that absent evidence of other facts which establish a basis for imposing liability on the passenger-wife for acts of her driver-husband, the negligence of the latter should not be imputed to the former, merely because of joint ownership of the vehicle. Automobiles are frequently jointly titled for various reasons, such as minimizing inheritance taxes, or avoiding the necessity of probate to transfer title to the automobile on death, or to facilitate financing, or for other reasons, none of which have anything to do with a right of control in the operation of the vehicle at the time it is being operated on the highway by the co-owner spouse. Such joint ownership is not a sufficient basis of imputing negligence of a driver-spouse to a passenger-spouse.

In *Pavlos v. Albuquerque,* 82 N.M. 759, 487 P.2d 187, 193 (1971), the New Mexico Court of Appeals drew a pertinent distinction between the sole-owner and co-owner situations:

Where a non-owner is driving, and the owner is present in the car, a presumption exists that the driver is the agent of the owner. [Citation]. This presumption is based on the theory that the owner, present in the car, has the right to control the driver. [Citation]. No such theory is

applicable where one co-owner is driving and the other co-owner is a passenger. It is inapplicable because the co-owners are equal in status and ownership; the co-ownership refutes agency. [Citation]. Since, as between co-owners, presence is an insufficient basis for a presumption of agency, we do not reach the reality of a "right to control" a car speeding down the highway.

Finally, in *Kalechman v. Drew Auto. Rental, Inc.*, 33 N.Y.2d 397, 353 N.Y.S.2d 414, 416, 308 N.E.2d 886, 888 (1973), the New York Court of Appeals, before abandoning altogether the doctrine of imputed negligence, described the rule as follows: "The driver's negligence will be imputed to the passenger to defeat his action whenever the passenger has the exclusive authority to control the operation of the vehicle...." Significantly, the New York Court limited the doctrine to only those instances where the passenger has *exclusive* authority over the vehicle's operation. In a co-owner situation, such as existed between Richard and Ellen Stroh, the passenger, at most, enjoys a non-exclusive, mutual authority to control the vehicle's operation, and consequently, application of the doctrine of imputed negligence is simply inapt.

The above cases represent a fair sampling from courts rejecting imputation of negligence in the co-owner scenario; their sound reasoning persuades us. On the other hand, the language of the Supreme Court of Colorado in *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250 (1961) (in part quoting *Moore v. Skiles*, 130 Colo. 191, 274 P.2d 311 (1954)), typifies the rationale supporting the imputed negligence doctrine in such cases:

"We recognize that the authorities are divided on the question of imputability of negligence of the driver to a non-driving passenger in the automobile. We, however, believe that the more reasonable and commonsense view is that the owner or joint owner, riding as an occupant in his own car, using the car for a purpose in common with the driver is presumed to have a right to control the

driver and a right to manage and direct the movements of the car."

The *Lasnetske* court further explained:

It is not contemplated that a co-owning passenger in exercising his right to control will physically wrest the wheel from the driver. Rather, verbal admonition, suggestions or even outright commands are the usual methods whereby the co-owning passenger exercises his right to control. It is a well known fact that some of the better "back-seat" drivers are those who know little, or nothing, about the actual driving of the vehicle, but can nonetheless still offer friendly advice, if not flat commands, to the driver.

We simply do not agree with the Colorado court's conclusion that a co-owning passenger's prerogative to offer "friendly advice" amounts to such a right to control the automobile's movements so as to justify imputation to him of the driver's negligence.

Moreover, imputation of negligence to Ellen Stroh would not further the primary policy aim undergirding the doctrine of imputed negligence, namely, that of locating a "deep pocket" to provide recovery to an innocent victim of another's negligence. Instead, imputing Richard Stroh's negligence to his wife, as Nationwide beseeches us to do, would accomplish just the opposite: Ellen Stroh, an innocent victim of the negligence of a third-party tortfeasor, would be unjustly barred from recovery. As the court stated in *LaMonte v. DeDiego*, 274 So.2d 254 (Fla.1973): "it is important to distinguish cases in which the *liability* of an owner or co-owner is in issue from those in which that owner seeks *recovery* from a negligent party." (Emphasis in original).

For the foregoing reasons, we hold that the trial court correctly refused to instruct the jury to apply the doctrine of imputed negligence. Consequently, the judgment against Nationwide in favor of Ellen Stroh will stand.

JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY AFFIRMED. PETITIONER TO PAY THE COSTS.