J-S34004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY HERRERA | : | |
| | : | |
| Appellant | : | No. 1097 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 13, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No:  CP-35-CR-0002335-2012

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED: DECEMBER 31, 2025**

Appellant, Jeffrey Enrique Herrera, appeals *pro se* from the judgment of sentence entered on June 13, 2023, for his violation of probation at Lackawanna County conviction docketed at 2012 CR 2335..  At the June 13, 2023 sentencing, the trial court imposed an aggregate 24 to 48 months of incarceration followed by four years of probation for unauthorized use of a motor vehicle[1] (appeal pending at 475 MDA 2024) possession of a controlled substance[2] (appeal pending at 476 MDA 2024, consolidated with 475 MDA 2024), and the resulting probation violation that is the subject of the instant appeal.  We affirm.

---

[1]  18 Pa.C.S.A. §3928.

[2]  35 P.S. §780-113(a)(32).

The procedural history of the instant matter is intertwined with the cases pending on appeal at 475 and 476 MDA 2024 (the "related appeals"). This matter is not consolidated with the related appeals for reasons we will explain below. The sentence before us in this appeal resulted from Appellant's stipulation to a probation violation at his August 1, 2022 ***Gagnon II*** hearing.[3] The sentences underlying this appeal and the related appeals were imposed in a single sentencing proceeding on June 13, 2023. Appellant filed a post-sentence motion on June 21, 2023, which the trial court denied by order of June 27, 2023. The certified docket in this matter reflects that Appellant was served with a copy of the June 27, 2023, order (the dockets for the related appeals reflect service only on the district attorney). The denial order informed Appellant, incorrectly, that he needed to file an appeal within 30 days of his ***Gagnon*** hearing, which had taken place more than ten months prior to the imposition of the revocation sentence. The Rules of Criminal Procedure provide that a motion to modify the sentence imposed after revocation must be filed within ten days of the imposition of the sentence (which in this case was much later than the date of the ***Gagnon*** hearing) and that the filing of the motion to modify does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E).

---

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

- 2 -

Furthermore, Appellant's counsel advised him of his appellate rights regarding the related appeals (which involved new convictions) but not his appellate rights regarding the revocation sentence presently before us. N.T. Sentence, 6/13/23, at 5. Nor did the court make an on the record determination that Appellant had been advised of his appellate rights regarding the instant sentence, as required under Pa.R.Crim.P. 704(C)(2).

On July 24, 2023, within thirty days of the denial of the post-sentence motion, Appellant filed a *pro se* handwritten document reading, "'Certificate of Service' 'Notice of Appeal' [illegible] Lackawanna Co. public defenders ignored request for assistance[.]" This document was docketed only at Lackawanna County docket 864 of 2022 (the local docket for 475 MDA 2024, one of the related appeals). The July 24, 2023, docket entry described the document as a "*Pro Se* Petition." For reasons that are unclear, that filing was not recorded in the local dockets for 476 MDA 2024 or the instant matter. Appellant followed his July 24, 2024 filing with a single handwritten *pro se* notice of appeal for all three dockets on August 1, 2023. This Court issued an order, dated February 9, 2024, directing that amended, counseled notices of appeal be filed separately for each docket. **See Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021). Counsel filed amended notices of appeal on March 28, 2024.

By order of April 15, 2024, this Court *sua sponte* consolidated this appeal with the related appeals. We vacated that consolidation order by order

of April 29, 2024. On May 17, 2024, we issued a rule to show cause why the instant appeal should not be quashed as untimely. The show cause order was discharged on July 29, 2024 and referred to this panel.

On September 13, 2024, Appellant, while still represented by counsel, filed a *pro se* application to proceed without counsel in the instant matter (he did not file a similar application in the related appeals). On September 24, 2024, counsel petitioned for a remand for a **Grazier**[4] hearing. On October 21, 2024, this Court granted counsel's petition and remanded the instant matter to the trial court. The trial court responded on January 13, 2025, ruling that Appellant was permitted to represent himself with appointed counsel remaining on as standby counsel. On May 12, 2025, Appellant filed an application for appointment of new counsel. This Court denied that application on May 14, 2025.

Meanwhile, this Court consolidated the related appeals by order of May 17, 2024. The briefing was completed in the related appeals as of July 29, 2024. On April 17, 2025, after Appellant failed to respond to a show cause order, this Court directed that the related appeals proceed before a different panel, reasoning that the briefing had been completed in those cases for eight months and that Appellant had yet to file his *pro se* brief in the instant matter.

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

We now address the instant appeal, beginning with its timeliness. The Pennsylvania Rules of Appellate Procedure require an appeal to be filed within 30 days of the imposition of the order on appeal. Pa.R.A.P. 903(a). As noted above, the Pennsylvania Rules of Criminal Procedure provide that a motion to modify a sentence imposed after revocation of probation does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). Moreover, the 30-day appeal period implicates this Court's jurisdiction; we lack jurisdiction over an untimely appeal. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1245 (Pa. Super. 2015). But where an untimely appeal is the result of a breakdown in this Court's procedure, we will not quash the appeal. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001).

***Coolbaugh*** held that a breakdown occurs where the defendant is misadvised as to the time frame for appealing from a sentence imposed after revocation of probation. ***Id.*** As noted above, Appellant was not informed on the record during the sentencing proceeding of the time frame for appealing the instant revocation sentence. And the information included in the written order denying the post-sentence motion was inaccurate. Per ***Coolbaugh***, we conclude that a breakdown occurred excusing Appellant's failure to file an appeal within 30 days of the imposition of the revocation sentence. A further breakdown occurred with the mishandling of Appellant's *pro se* filing of July 24, 2023, in which he revealed that he intended to appeal and that he was being ignored by counsel. That filing was docketed at only one of the three

related cases and, the docket entry gave no evidence that it was related to an appeal.

This Court accepts *pro se* notices of appeal even where the appellant is counseled. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). The mishandling of a *pro se* notice of appeal constitutes a breakdown in the functioning of the court. **Id.** Given the many procedural missteps described above, we are willing to construe Appellant's July 24, 2023, filing generously, and treat it as a mishandled notice of appeal that should have been included in the docket for the instant matter and in the dockets of both of the unrelated appeals. And because Appellant was never informed of the time limits applicable to a revocation sentence, we treat the July 24, 2023, *pro se* notice of appeal as timely, because it was filed within 30 days of the denial of Appellant's timely post-sentence motion. We will not quash this appeal for lack of jurisdiction.

Turning now to Appellant's *pro se* brief, we conclude that Appellant has waived all of his arguments for noncompliance with the Rules of Appellate Procedure. Appellant's handwritten *pro se* brief, in addition to being difficult to read, is woefully deficient in its compliance with the Rules of Appellate Procedure applicable to briefs. And in this respect, as distinct from the torturous procedural history set forth above, the deficiencies are of Appellant's own making. This Court has held that all appellate arguments are waived where a *pro se* appellant's handwritten brief presents a "repetitive, rambling,

and incoherent argument mixed with citations to general case law." ***Commonwealth v. Heath***, 237 A.2d 450, 2020 WL 2465647, at *2 (Pa. Super. May 13, 2020).[5] The phrasing in ***Heath*** is an apt description of Appellant's brief in the instant case.

Furthermore, we have held that all issues are waived where a *pro se* brief fails, in substantial part, to comply with the Rules of Appellate Procedure. ***Commonwealth v. Maris***, 629 A.2d 1014 (Pa. Super. 1993). The ***Maris*** Court explained that this Court will dismiss *pro se* appeals that fail to comply with the Rules of Appellate Procedure. In specific, the ***Maris*** Court noted that Pa.R.A.P. 2111 "directs in mandatory ('shall') language the required format and content of an appellant's brief." ***Id.*** at 1015. The brief at issue in ***Maris*** omitted the statement of jurisdiction, order appealed from, summary of argument, and statement of questions involved. ***Id.*** The same is true instantly.

For the foregoing reasons, we conclude that Appellant has waived all arguments he seeks to present on appeal. We therefore affirm the judgment of sentence.

---

[5] We cite ***Heath*** for persuasive value only. Pa.R.A.P. 126(b).

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/31/2025